IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

    Plaintiff,

v.      No. 1:23-cv-00372-JFR

DAVID PORTIS,
PHILLIP GALLEGOS,
N. ARMY,
BEN PARKER,
JOHN CHRISTOPHER MILES,
JOHNATHAN HICKERSON,
MARIE POSEY, and
CHERYL H. JOHNSTON,

    Defendants.

### MEMORANDUM OPINION AND ORDER REGARDING INJUNCTIVE RELIEF

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint, Doc. 1, filed April 28, 2023.[1]

Plaintiff's 70-page Complaint asserts civil rights claims against seven Rio Ranch Police Officers and a State District Court Judge arising from events that occurred from July 1, 2021 to present regarding child custody. *See* Complaint at 3. Plaintiff filed 52 pages of exhibits as a supplement to his Complaint, and lodged three DVD discs and one CD audio disc. *See* Doc's 2 and 3, filed April 28, 2023. Plaintiff also seeks "emergency injunctive relief." Complaint at 67.

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 6, filed May 1, 2023. Plaintiff has paid the filing fee. *See* Doc. 7, filed May 1, 2023. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Plaintiff requests that the Court "grant him an emergency order of injunctive relief from the [Rio Rancho Police Officer Defendants]" because he "does not feel safe in his own home due to the knowledge that he lives in a county where all local authorities have proven themselves to be apt to unlawful behavior" and "fears that by filing this complaint he will face a retaliation by the above implicated authorities such as Rio Rancho Police Department and [Defendant] Judge Cheryl H. Johnston."  Complaint at 67.  Plaintiff seeks to have the following acts restrained:

> 1.  Each of the Defendants to be restrained from any, and all, types of surveillance or confiscation of, by any of the defendants to include: electronic, electronic communications and physical surveillance (includes drones and wiretaps).
>
> 2.  Each of the Defendants to be restrained from any, and all, types of communication by any of the defendants, to include: phone, email and in person, public contact.
>
> 3.  Each Defendant to be restrained from coming onto Plaintiff's property for any reason, unless for an emergency situation requiring law enforcement initiated by Plaintiff.  Plaintiff's property includes search and seizure of Plaintiff's property, which includes his highest protected liberty interest; his minor child.
>
> 4.  Each Defendant to be restrained from firing weapons onto Plaintiff's property from public roads, for any reason.  In addition, each Defendant is forbidden to fire any type of weapon at Plaintiff, towards Plaintiff, Plaintiff's vehicle or other property, whether at his home or in any public place in all of New Mexico.
>
> 5.  Each Defendant to be restrained from further conspiring with the other defendants, and their corresponding agencies in any action towards Plaintiff.

Complaint at 69.

The Court cannot issue a temporary restraining order at this time.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff has served Defendants. *See* Doc's 8-15, filed May 4, 2023. The Complaint, however, does not allege specific facts that clearly show that immediate and irreparable injury will result to Plaintiff before Defendants can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A).

> The Complaint also fails to state a claim for a preliminary injunction:
>
> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).

*Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021). Plaintiff states he "believes:" (i) he is likely to prevail on the merits; (ii) irreparable injury has already occurred and will continue; (iii) the injury to Plaintiff outweighs whatever damage the injunction may cause the opposing party; and (iv) the "balancing of equities." Complaint at 68. Plaintiff's conclusory allegations that he *believes* he will prevail on the merits, irreparable injury will result, the injury outweighs the injury to Defendants under the injunction and the injunction would not be adverse to the public interest are not sufficient to state a claim for a preliminary injunction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations

without supporting factual averments are insufficient to state a claim on which relief can be based").

Plaintiff states he "has shown the Court, through his factual complaints, as asserted above and sworn to below, the necessity of a[n] emergency injunction to protect the Plaintiff from further constitutional deprivations by the above named Defendants." Complaint at 69. Plaintiff does not identify which of the allegations in his Complaint show that Plaintiff is entitled to emergency injunctive relief. The Court will not review the allegations in the 70-page Complaint, the 52 pages of exhibits, the three DVD disks and the CD audio disc to determine whether Plaintiff is entitled to a temporary restraining order or preliminary injunction. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff may, within 21 days of entry of this Order, file a motion showing Plaintiff is entitled to a temporary restraining order or a preliminary injunction. Failure to timely file an amended complaint or motion may result in denial of Plaintiff's request for emergency injunctive relief.

_____
**UNITED STATES MAGISTRATE JUDGE**