IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

    Plaintiff,

v.   No. 1:23-cv-00372-JCH-JFR

DAVID PORTIS,
PHILLIP GALLEGOS,
N. ARMY,
BEN PARKER,
JOHN CHRISTOPHER MILES,
JOHNATHAN HICKERSON,
MARIE POSEY, and
CHERYL H. JOHNSTON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR INJUNCTIVE RELIEF**

Plaintiff, who is proceeding pro se, filed a 70-page Complaint asserting civil rights claims against seven Rio Ranch Police Officers ("RRPD Defendants") and a State District Court Judge arising from events regarding child custody. *See* Civil Rights Complaint, Doc. 1, filed April 28, 2023. Plaintiff also filed 52 pages of exhibits as a supplement to his Complaint, and lodged three DVD discs and one CD audio disc. *See* Doc's 2 and 3, filed April 28, 2023. Many of the events giving rise to this action occurred in June 2022. *See* Complaint at 6-8.

Plaintiff requested that the Court "grant him an emergency order of injunctive relief from the [Rio Rancho Police Officer Defendants]" because he "does not feel safe in his own home due to the knowledge that he lives in a county where all local authorities have proven themselves to be apt to unlawful behavior" and "fears that by filing this complaint he will face a retaliation by

the above implicated authorities such as Rio Rancho Police Department and [Defendant] Judge Cheryl H. Johnston." Complaint at 67.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Court cannot issue a temporary restraining order because the Complaint does not allege specific facts that clearly show that immediate and irreparable injury will result to Plaintiff before Defendants can be heard in opposition. *See* Doc. 16 at 2-3, filed May 9, 2023 ("Order") (quoting Fed. R. Civ. P. 65(b)(1)(A)). Judge Robbenhaar also notified Plaintiff that the Complaint also fails to state a claim for a preliminary injunction:

> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).
>
> *Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021). Plaintiff states he "believes:" (i) he is likely to prevail on the merits; (ii) irreparable injury has already occurred and will continue; (iii) the injury to Plaintiff outweighs whatever damage the injunction may cause the opposing party; and (iv) the "balancing of equities." Complaint at 68. Plaintiff's conclusory allegations that he *believes* he will prevail on the merits, irreparable injury will result, the injury outweighs the injury to Defendants under the injunction and the injunction would not be adverse to the public interest are not sufficient to state a claim for a preliminary injunction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based). Plaintiff states he "has shown the Court, through his factual complaints, as asserted above and sworn to below, the necessity of a[n] emergency injunction to protect the Plaintiff from further constitutional deprivations by the above named Defendants." Complaint at 69. Plaintiff does not identify which of the

> allegations in his Complaint show that Plaintiff is entitled to emergency injunctive relief. The Court will not review the allegations in the 70-page Complaint, the 52 pages of exhibits, the three DVD discs and the CD audio disc to determine whether Plaintiff is entitled to a temporary restraining order or preliminary injunction. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

Order at 3-4. Judge Robbenhaar granted Plaintiff leave to file a motion showing that Plaintiff is entitled to a temporary restraining order or a preliminary injunction. *See* Order at 5.

Plaintiff subsequently filed a Motion for Injunctive Relief which states:

> Plaintiff respectfully disagrees with the Court's findings that he failed to state a claim for his injunctive relief. Plaintiff detailed his claim in his complaint, but asks the Court to acknowledge that they based their order on the fact that they did not read his complaint. Plaintiff thinks it would be most repetitive to repeat his full claims, already laid out in his complaint ... Plaintiff has provided this Court with direct evidence of the unlawful acts complained of ... Those evidences show that the complained acts have already occurred and are not theoretical ... By the granting of Plaintiff's injunctive relief not one of the Defendant[s'] rights are stifled. However, if this Court Chooses not to grant Plaintiff's reasonable requests for protection from unlawful acts which violate his Civil Rights, then Plaintiff's life, property, and liberty will be put in further peril by the Defendants.

Motion for Injunctive Relief at 2, Doc. 22, filed May 30, 2022.

The Court denies Plaintiff's Motion for Injunctive Relief. Plaintiff states that "Plaintiff detailed his claim in his complaint," the Complaint shows the acts complained of "are not theoretical," injunctive relief will not stifle any of Defendants' rights, and if the Court denies Plaintiff's Motion for Injunctive Relief, the "Plaintiff's life, property, and liberty will be put in further peril by the Defendants." Despite the Court explaining that Plaintiff did not identify which of the allegations in the Complaint show that Plaintiff is entitled to injunctive relief and that the Court will not review the voluminous Complaint and exhibits to make Plaintiff's argument for injunctive relief for him, Plaintiff has not clearly shown that he is entitled to injunctive relief. *See* Order at 3 (stating "Because a preliminary injunction is an 'extraordinary

remedy never awarded as of right,' *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a 'clear and unequivocal' showing it is entitled to such relief") (quoting *Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021)).

**IT IS ORDERED** that Plaintiff's Motion for Injunctive Relief, Doc. 22, filed May 30, 2023, is **DENIED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE