IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

    Plaintiff,

v.                                                         No. 1:23-cv-00372-JCH-JFR

DAVID PORTIS,
PHILLIP GALLEGOS,
N. ARMY,
BEN PARKER,
JOHN CHRISTOPHER MILES,
JOHNATHAN HICKERSON,
MARIE POSEY, and
CHERYL H. JOHNSTON,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART MOTION TO QUASH SERVICE AND
DENYING MOTION FOR DEFAULT**

**THIS MATTER** comes before the Court on the Motion to Quash Service of RRPD Defendants,[1] Doc. 26, filed June 13, 2023, and *pro se* Plaintiff's Motion for Default for Failure to Answer Complaint, Doc. 20, filed May 30, 2023.

**Motion to Quash Service**

Plaintiff brought this action against the RRPD Defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983 and the New Mexico Civil Rights Act of 2021. *See* Complaint at 1-2, Doc. 1, filed April 28, 2023.

---

[1] Defendants Portis, Gallegos, Army, Parker, Miles, Hickerson and Posey are law enforcement officers employed by the Rio Rancho Police Department (collectively "RRPD Defendants"). *See* Motion to Quash at 1.

The RRPD Defendants move to quash service on them stating Plaintiff attempted to serve the RRPD Defendants by delivering the summonses and copies of the Complaint to the Rio Rancho City Clerk's Office. *See* Motion to Quash at 2. The RRPD Defendants also state the City of Rio Rancho is not named as a defendant and the Rio Rancho City Clerk is not authorized to accept service on behalf of the individual RRPD Defendants. *See* Motion to Quash at 2.

Plaintiff opposes the Motion to Quash on the grounds that he is suing the RRPD Defendants in their official capacities. *See* Response at 1. Plaintiff also states it is Rio Rancho City Clerk's Office policy not to release the personal addresses of its police officers and that it is unsafe for a process server to "chase down a Police Officer while on duty." Response at 2.

Rule 4 of the Federal Rules of Civil Procedure allows for service on individuals by: (i) delivering a copy of the summons and of the complaint to the individual personally; (ii) leaving a copy of each at the individual's dwelling; (iii) delivering a copy of each to an authorized agent; or (iv) following state law for service. *See* Fed. R. civ. P. 4(e). Plaintiff has not properly served the individual RRPD Defendants by serving them personally, by leaving a copy of the summons and complaint at their dwellings or by delivering a copy of each to their authorized agents. Plaintiff contends that the Rio Rancho City Clerk's Office policy is to not release the personal addresses of its police officers and that it is unsafe for a process server to "chase down a Police Officer while on duty," but does not cite any legal authority that exempts Plaintiff from properly serving the individual RRPD Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

The Court grants the RRPD Defendants' Motion to Quash in part. Plaintiff has not shown that his delivery of the summonses and complaint to the Rio Rancho City Clerk was effective service on the RRPD Defendants in their individual capacities. New Mexico's rule governing service on individuals allows service of process on an individual "by delivering a copy of the

process at the actual place . . . of employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at that defendant's last known mailing address and at the defendant's actual place . . . of business or employment," **after** attempting to serve the individual personally, by mail or commercial courier service or by delivering a copy of the process to some person residing at the usual place of abode of the defendant.  N.M.R.A. 1-004(F).[2]  Plaintiff has not shown that he has attempted to serve the RRPD Defendants personally, by mail or courier service or by delivering copies to a person residing at their usual place of abode before delivering a copy of the summonses and complaint to the Rio Rancho City Clerk.

---

[2] (1) Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:

> (a) to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or
>
> (b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.

(2) If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or

(3) *If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of* business or *employment of the defendant* to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

N.M.R.A. 1-004(F) (emphasis added).

The Court denies the RRPD Defendants' Motion to Quash Service on the RRPD Defendants in their official capacities. "[O]fficial capacity suits are simply "another way of pleading an action against an entity of which an officer is an agent." *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014) (quoting *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Varela v. Jones*, 746 F.3d 1413, 1418 (10th Cir. 1984) ("we treat suits against city officials in their official capacities as suits against the city"). Rule 4 of the Federal Rules of Civil Procedure allows service on a local government by "serving a copy of [the summons and of the complaint] in the manner prescribed by that state's law." Fed. R. Civ. P. 4(j)(2)(B). New Mexico's rule for service allows for service "upon a municipal corporation by serving a copy of the process to the city clerk, town clerk or village clerk." N.M.R.A. 1-004(H)(1)(g). Plaintiff served the RRPD Defendants in their official capacities by delivering summonses and copies of the Complaint to the Deputy Clerk for the City of Rio Rancho. *See* Summons Returned Executed, Doc's 9-15, filed May 4, 2023.

**Motion for Default**

Plaintiff asks the Court "to enter a default" against the RRPD Defendants for "failure to answer Plaintiff's complaint [ filed on April 28, 2023]," by May 30, 2023. Motion for Default at 1 (seeking entry of "default," not "default judgment"). The RRPD Defendants oppose Plaintiff's Motion for Default on the grounds that: (i) Plaintiff has not properly served them; and (ii) the Complaint "is replete with unnecessary and confusing detail" and an amended complaint conforming to Rule 8's requirement to present a short and plain statement of Plaintiff's claims should be ordered. *See* RRPD Defendants' Response, Doc. 27, filed June 13, 2023.

The Court denies Plaintiff's Motion for Default because: (i) the Court is quashing service on the RRPD Defendants in their individual capacities because Plaintiff did not properly serve the

RRPD Defendants in their individual capacities; and (ii) the Court granted the RRPD Defendants' Motion for a More Definite Statement. *See* Doc 40, filed August 11, 2023 (finding that the Complaint is not a short and plain statement under Rule 8 and will cause Defendants and the Court to needlessly expend valuable resources). Any delay in the RRPD Defendants in their official capacities in responding to the Complaint will not prejudice Plaintiff because the Court has ordered Plaintiff to file an amended complaint. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause").

**IT IS ORDERED** that:

(i)  The RRPD Defendants' Motion to Quash, Doc. 26, filed June 13, 2023, is **GRANTED in part.**

(ii) Plaintiff's Motion for Default for Failure to Answer Complaint, Doc. 20, filed May 30, 2023, is **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE