IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

      Plaintiff,

v.                                                                                      No. 1:23-cv-00372-JCH-JFR

DAVID PORTIS,
PHILLIP GALLEGOS,
N. ARMY,
BEN PARKER,
JOHN CHRISTOPHER MILES,
JOHNATHAN HICKERSON,
MARIE POSEY, and
CHERYL H. JOHNSTON,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT JOHNSTON'S MOTION TO DISMISS**

      This action arises out of child custody proceedings regarding Plaintiff's son which were presided over by State of New Mexico district-court judge Defendant Cheryl H. Johnston. Plaintiff, who is proceeding *pro se*, called the Rio Rancho Police Department ("RRPD") to assist him in a civil standby as he picked up his child from a daycare facility pursuant to a court order. *See* Plaintiff's Amended Civil Rights Complaint at 4, Doc. 42, filed August 28, 2023. The child's mother had, however, brought an unsigned CYFD safety plan to the daycare saying Plaintiff was not allowed to pick up his child, which conflicted with the court order that states Plaintiff is allowed to pick up his child. *See* Amended Complaint at 26. During a phone call on which one of the RRPD officers states he doesn't know which document to enforce, the safety plan or the court order, Defendant Johnston allegedly told the officer that "CYFD has intervened" and that "the safety plan can override her court order." Amended Complaint at 27. Plaintiff alleges that: (i) Defendant Johnston's decision was unlawful and contrary to state law and violated Plaintiff's Fourth and Fourteenth Amendment rights; (ii) Defendant Johnston had an *ex-parte* communication

with one of the Rio Rancho Police officers; and (iii) Defendant Johnston held a hearing while lacking jurisdiction to do so because the case was on appeal.  *See* Amended Complaint at 27-29.

Plaintiff asserts an "Ex Parte Young Claim" against Defendant Johnston alleging "interference with parent/child relationship, violation of the Fourteenth Amendment and violations of the New Mexico Constitution. Amended Complaint at 26.  Plaintiff seeks prospective injunctive relief against Defendant Johnston.  *See* Amended Complaint at 30-31.  Plaintiff also asserts state-law claims pursuant to the New Mexico Constitution and the New Mexico Civil Rights Act.[1]  *See* Amended Complaint at 26.

Defendant Johnston asks the Court to dismiss all claims in Plaintiff's Amended Complaint against Defendant Johnston: (i) for failure to state a claim upon which relief may be granted; and (ii) on grounds of sovereign and judicial immunity.  *See* Defendant Hon. Cheryl H. Johnston's Rule 12 Motion to Dismiss Amended Complaint at 1, Doc. 48, filed September 14, 2023, ("Motion").

**Damages**

It appears Plaintiff may be suing Defendant Johnson for monetary damages.  *See* Amended Complaint at 30, ¶ 280 (stating Plaintiff seeks "actual and compensatory damages" but not specifying which Defendants he seeks damages from).  Plaintiff is suing Defendant Johnson only

---

[1] The New Mexico Civil Rights Act provides: "A person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*."  N.M.S.A. § 41-4A-3(B) (emphasis added).  The New Mexico Civil Rights Act also provides that: "Claims brought pursuant to the New Mexico Civil Rights Act shall be brought exclusively *against a public body*.  Any public body named in an action filed pursuant to the New Mexico Civil Rights Act shall be held liable for conduct of individuals acting on behalf of, under color of or within the course and scope of the authority of the public body."  N.M.S.A. § 41-4A-3(C) (emphasis added).

in her official capacity; he is not suing her in her individual capacity.  *See* Amended Complaint at 1.

> The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir.2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir.2013).  But sovereign immunity does not prevent suit: "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; [or] (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety,* 722 F.3d 1209, 1212 (10th Cir.2013).

*Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014).

Plaintiff argues that Defendant Johnston does not have sovereign immunity from suit because "Plaintiff has clearly brought an ex Parte Young Claim against [Defendant Johnston] which allows Plaintiff to bring suit against Johnston for prospective relief and gives this Court complete jurisdiction over Johnston as a matter of the Supremacy Clause." Response at 4 (citing *Verizon*, 535 U.S. at 645).  For the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012)

To the extent that Plaintiff is suing Defendant Johnson for monetary damages, the Court dismisses those claims because Defendant Johnston, as a state official, is immune from suit for monetary damages.  The portion of *Verizon* cited by Plaintiff merely states that a prayer for injunctive relief satisfies the Supreme Court's "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002).  Plaintiff has not cited any legal authority showing that the assertion of an *ex Parte Young*

3

claim for prospective injunctive relief waives sovereign immunity for damages claims. Nor has Plaintiff alleged facts showing that Congress has abrogated the State of New Mexico's immunity or that the State of New Mexico waived its immunity to damages claims.

**Prospective Injunctive Relief**

Plaintiff asserts a claim pursuant to *Ex Parte Young* seeking prospective injunctive relief against Defendant Johnston:

> to include an order prohibiting her from unlawfully seizing Plaintiff's 1st liberty interest, his minor child, without due process. Plaintiff also asks the Court to issue an order of recusal against Cheryl H. Johnston in the custody case due to her unlawful and unconstitutional actions on June 21, 2022 and afterwards, resulting in the unlawful seizure of Plaintiff's child and cover up, which is ongoing to the present.

Amended Complaint at 30-31.

Defendant Johnston asserts that Plaintiff's claim seeking prospective injunctive relief is moot because the Chief District Judge for the Thirteenth Judicial District of New Mexico issued an Order of Recusal for all Thirteenth Judicial District Court Judges including Defendant Johnston. Motion at 12.

> "Each plaintiff must have standing to seek each form of relief in each claim." *Am. Humanist Ass'n, Inc. v. Douglas Cty. Sch. Dist. RE-1*, 859 F.3d 1243, 1250 (10th Cir. 2017) (quoting *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007) ).
>
> "[S]tanding 'is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *S. Utah Wilderness All.*, 707 F.3d at 1153 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ).
>
>> To satisfy Article III's standing requirements, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."
>
> *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ).

> . . . .
>
> "Plaintiffs have the burden to demonstrate standing for each form of relief sought." *Lippoldt v. Cole*, 468 F.3d 1204, 1216 (10th Cir. 2006). This burden exists "at all times throughout the litigation," *id.*, though our terminology changes depending on the stage of litigation. "[M]ootness '[is] the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).' " *Brown v. Buhman*, 822 F.3d 1151, 1164 (10th Cir. 2016) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ).

*Collins v. Daniels*, 916 F.3d 1302, 1312-14 (10th Cir. 2019).

Plaintiff's claim for prospective relief is moot because on May 25, 2023, Hon. James A. Noel, Chief Judge of the Thirteenth Judicial District Court of the State of New Mexico, recused himself and all the District Judges of the Thirteenth Judicial District from presiding over any of Plaintiff's pending cases in state court. *See* Doc. 28-1, filed June 14, 2023. Plaintiff "admits that the New Mexico Supreme Court [sic], upon reviewing Johnston's unlawful ex parte actions, recused Johnston from Plaintiff's case." Response at 4. However, Plaintiff argues:

> Despite Johnston's recusal, she is still a judge in 13th Sandoval County, where Plaintiff and his child preside and so she has the highest authority in the Sandoval County. Being already victimized by Johnston through an unlawful action of seizure of his child without due process, Plaintiff, Plaintiff's family, and Plaintiff's child have a justified and ongoing fear that Johnston would again retaliate against him by signing a warrant without due process to seize his child yet again, especially if she is dismissed from this Court with [sic] adjudicating her culpability into the unreasonable seizure of Plaintiff's child on June 16, 2022. This Court has a public interest right and duty to promote the fairness of the Judicial Branch of Government, both state and federal.

Response at 5.

The Amended Complaint does not allege facts showing that Defendant Johnston's past or future acts will result in imminent injury to Plaintiff that is likely, as opposed to merely speculative. Plaintiff states Defendant "Johnston's actions have cause[d] much physical and emotional harm and should be considered ongoing." Amended Complaint at 30. Plaintiff's statement in his Response that Plaintiff has "a justified an ongoing fear that Johnston would again retaliate against

5

him by signing a warrant without due process to seize his child yet again" is speculative and is not supported by factual allegations in the Amended Complaint.

The Court dismisses Plaintiff's claim for prospective injunctive relief against Defendant Johnston because Defendant Johnston has been recused from Plaintiff's cases and the Amended Complaint does not allege facts showing that the claim is based on imminent and likely future harm.  *See Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019) ("a plaintiff cannot sustain a claim for prospective injunctive relief that is based on speculative future harm").

The Court, having dismissed Plaintiff's federal law claims against Defendant Johnston, declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Johnston.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that Defendant Hon. Cheryl H. Johnston's Rule 12 Motion to Dismiss Amended Complaint, Doc. 48, filed September 14, 2023, is **GRANTED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE