IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JARROD LOWREY,**

      **Plaintiff,**

      v.                                                  Civ. No. 23-372 JCH/JFR

**DAVID PORTIS et al.,**

      **Defendants.**

**ORDER DENYING PLAINTIFF'S
MOTION TO QUASH SUBPOENA**

**THIS MATTER** is before the Court on Plaintiff's *Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* ("Motion"). Doc. 67. Plaintiff, proceeding pro se, filed his Motion on January 29, 2024. *Id.* Defendants responded in opposition on February 12, 2024. Doc. 76. On February 16, 2024, Plaintiff notified the Court that the Motion is ripe for decision. For the reasons that follow, the Court finds that the Motion is not well-taken and is therefore **DENIED.**

Before delving into the particulars of Plaintiff's Motion, the Court reminds him that, though he is a self-represented litigant, he is still expected to comply with Court orders and the rules of procedure. *See Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). Here, Plaintiff failed to comply with the Court's *Order Adopting Joint Status Report and Provisional Discovery Plan and Setting Case Management Deadlines* ("Scheduling Order") (Doc. 60) which invokes Fed. R. Civ. P. 16(b)(3)(B)(v): "[B]efore moving for an order relating to discovery, the movant must request a conference with the Court." The parties were instructed on this requirement at the scheduling conference, and the Court's Scheduling Order warns that failure to

heed this requirement may cause discovery motions to be summarily denied.  Docs. 60 at 3; 62. Plaintiff also failed to comply with D.N.M.LR-Civ. 7.1(a), also mentioned in the Court's Scheduling Order, which provides that the "[m]ovant must determine whether a motion is opposed, and a motion that omits the recitation of a good-faith request for concurrence may be summarily denied."  Doc. 60 at 3.  The Court will not summarily deny Plaintiff's Motion on either of these bases, but Plaintiff should not expect such leniency in the future.

## ANALYSIS

Plaintiff seeks to quash a subpoena served upon State of New Mexico Children, Youth & Families Department ("CYFD") by Defendants' counsel, which commands the production of "[a]ll documents constituting Case ID:656720, including but not limited to, investigation materials regarding or referring to Aubrie Rosado, Nobel Lowrey, Jennifer Regan or Jarrod Lowrey."  Docs. 67 at 1; 76-2 at 1.  According to Plaintiff, the records sought are "confidential and privileged" and "rife with unretained and unrelated expert opinions on subjects that are utterly irrelevant to . . . Defendants in this action," and there is no "reason to unduly burden CYFD as a third party with a broad and sweeping subpoena request for all documents without a showing by . . . [D]efendants . . . their probative value to their affirmative defenses."  Doc. 67 at 1-2.  Defendants disagree, challenging Plaintiff's standing to seek an order quashing the subpoena and arguing that his Motion otherwise lacks factual support.  Doc. 76 at 3-5.

"Generally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena."  *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014) (internal quotation marks and citation omitted).  "Moreover, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty."  *Id.* (alteration, internal quotation marks, and citation omitted).  "The exception to this rule is that a party has standing to

move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *Id.* (internal quotation marks and citation omitted). "The party moving to quash a subpoena has the burden to demonstrate good cause and/or privilege to be protected." *Id.* (omission, internal quotation marks, and citation omitted).

CYFD is not a party to this action.  Fed. R. Civ. P. 45(d)(2)(B) permits a nonparty served with a subpoena to serve written objections to the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." The recipient of a subpoena may also request that the subpoena be quashed or modified "[o]n timely motion" to "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). While neither Rule 45(d)(3)(A) nor the Advisory Committee Notes define "timely" for purposes of moving to quash a subpoena, it is generally accepted that a timely motion to quash is one filed within the time for compliance set in the subpoena.  *Whiteside v. State Farm Fire and Casualty Co.*, No. 20-CV-1210, 2021 WL 1390805, at *2 (D.N.M. Apr. 13, 2021) (collecting cases). The subpoena served upon CYFD set a return date of February 8, 2024. Doc. 76-2 at 1. CYFD has not moved to the quash the subpoena and, to the Court's knowledge, has not served objections upon Defendants. *See* Doc. 76 at 3 (noting that as of February 12, 2024, CYFD had not served objections upon Defendants). At this juncture, either action would be untimely.

Plaintiff, as the movant, has the burden to show a personal interest or privilege to be protected by quashing the subpoena.  *See Goldstone*, 301 F.R.D. at 646. Plaintiff does not argue that a personal interest or privilege supports quashing the subpoena. Rather, he argues that the disclosure of CYFD records is contrary to law. Doc. 67 at 1. It is true, as Plaintiff contends, that CYFD records "produced or obtained during an investigation in anticipation of or incident to a neglect or abuse proceeding [are] confidential and closed to the public." N.M. Stat. Ann. § 32A-

4-33(A) (2022).  But the statute also provides safeguards, such as requiring a state court order for production, if necessary, § 32A-4-33(B)(18), and recourse should such information be released "unlawfully," § 32A-4-33(D).  And the statute applies to those who have such records in their possession.  As relevant here, that is CYFD as the party commanded to produce the records, not Plaintiff.  Moreover, Plaintiff has put these records in issue by alleging in the Operative Complaint that Defendants worked in tandem with CYFD to harm him.  Doc. 42 at 17, 21; *see Castillo v. Villa*, No. No. 15-CV-344, 2016 WL 10592207, at *8 (D.N.M. Jan. 22, 2016) (concluding that the plaintiff's allegations put her CYFD records in issue, ordering her to comply with § 32A-4-33 to produce them, and noting that their contents can be made confidential via protective order should the parties seek one).[1]  So Plaintiff's first argument falls short.

  Plaintiff's invocation of Fed. R. Civ. P. 45(d)(3)(B)(ii) is likewise unsupported.  Doc. 67 at 2.  The Rule provides that the Court may quash a subpoena if it requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."  "The purpose of this rule is to protect experts from being required to provide expert advice or assistance without proper compensation."  *Makeen v. State*, No. 14-CV-3452, 2015 WL 1945299, at *1 (D. Colo. Apr. 29, 2015) (internal quotation marks and citation omitted).  "A growing problem has been the use of subpoenas to compel the giving of evidence and information by unretained experts."  Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment.  There is absolutely no indication that this rule is applicable here.  Plaintiff does not offer any support for his argument that this rule applies, except to say that the "CYFD documents requested by . . . Defendant's [sic c]ounsel are rife with unretained and unrelated expert opinions on subjects that are utterly irrelevant to . . .

---

[1]  Should the parties seek a protective order here, they are reminded to comply with Judge Robbenhaar's procedures, available for review at https://www.nmd.uscourts.gov/content/honorable-john-f-robbenhaar.

4

Defendants in this action." Doc. 67 at 2. Without any indication of what this information is, or who these purported experts are, the Court has no basis to quash the subpoena under Rule 45(d)(3)(B)(ii).

Finally, Plaintiff cannot move to quash the subpoena on the grounds that it places an undue burden on CYFD. *See Green v. Cosby*, 314 F.R.D. 164, 173 (E.D. Pa. 2016) ("Even if a [party] has standing generally to quash a subpoena, he still lacks standing to challenge a third-party subpoena based on undue burden because it is the third-party that faces the burden of production and not the [party]."); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (stating that parties "do not have standing to quash . . . subpoenas on the grounds of oppression and undue burden placed upon third parties where the non-parties have not objected on those grounds").

In light of the foregoing, the Court concludes that Plaintiff has failed to carry his burden as the party moving to quash the subpoena.

## CONCLUSION

Plaintiff lacks standing to challenge the subpoena served upon CYFD by Defendants, and he has not demonstrated that a privilege or interest permits him to challenge the subpoena. Therefore, his Motion is **DENIED.**

    IT IS SO ORDERED.

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge