IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

    Plaintiff,

vs.                                                       23-cv-00372 JCH/JFR

DAVID PORTIS et al.,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's motion to compel, filed April 26, 2024. Doc. 120. The Defendants have filed a response. Doc. 129. Plaintiff subsequently filed his reply. Doc. 134. The matter is fully briefed and ripe for decision. As explained below, Plaintiff's motion is not well-taken and is **DENIED**.

## BACKGROUND

In January and February 2024, Plaintiff served on each of the Defendants Requests for Admission (RFA), Interrogatories (ROGS), and Requests for Production (RFP), which requests were timely responded to by the Defendants. Finding many of the responses lacking and/or non-responsive, Plaintiff sought the assistance of the Court through its informal discovery dispute process, and accordingly the parties submitted their Joint Statement outlining the nature of the dispute. The Court held an informal telephonic discovery dispute conference on March 8, 2024, *see* Doc. 94 (Clerk's Minutes), at which time the Court provided to Plaintiff and to counsel for the Defendants the Court's views on the dispute. Pursuant to the Court's suggestions, Plaintiff narrowed his requests by providing specific timestamps from body-worn camera recordings, and

1

the Defendants timely[1] supplemented their answers. Notwithstanding the Defendants' supplementation, Plaintiff remains dissatisfied and has filed the instant motion to compel.[2]

**MOTIONS TO COMPEL DISCOVERY**

Federal Rule of Civil Procedure 37(a) allows a party seeking discovery to "move for an order compelling ... discovery" after noticing other parties and all affected persons and making a good faith effort to confer with the party or person from which discovery is sought. Fed. R. Civ. P. 37(a)(1). Grounds to compel include failing to answer an interrogatory posed under Rule 33 or produce a document requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Regarding requests for admission, Rule 36 allows a party to test the sufficiency of an answer or objection and the court may order that the matter is admitted or that an amended answer be given. Fed.R.Civ.P. 36(a)(6).

---

[1] Plaintiff disputes that Defendants' discovery responses, and in particular their supplemental responses, are timely. Doc. 120 at 7 ("By the time of this motion, many of the discovery requests are 90 days old without resolution.") Having reviewed the briefing as well as the Court's docket, the Court is unable to discern how the Defendants' responses were not submitted in a timely manner. At the March 8, 2024 informal discovery dispute conference, the Court suggested that Plaintiff narrow the scope of his requests and provide pinpoint cites to each statement. This he did. On March 19, 2024, Plaintiff then *sua sponte* directed Defendant to respond within 10 days. Doc. 120 at 5. Defendants responded by supplementing their discovery responses between April 11 and April 25, 2024, or roughly 23-37 days after Plaintiff narrowed his requests. *See* Doc. 121 at 2. The Court did not order supplementation by a certain date, and the Defendants surely know that supplementation must occur "in a timely manner." Fed.R.Civ.P. 26(e). But even if Defendants' Supplemental Responses were somehow untimely, Plaintiff fails to identify any prejudice. Therefore, the Court addresses the instant motion with the understanding that Defendants' discovery responses were produced in a timely manner.

[2] Defendants claim that the Plaintiff failed to comply with the Court's discovery procedures and urges the Court to deny Plaintiff's motion on this ground. The dispute over the sufficiency of Defendants' discovery answers has already come before the Court for informal conference, and the matters presented by the motion to compel are largely (but not entirely) identical to those previously discussed. *See* Doc. 129 (noting that Plaintiff added numerous allegedly deficient discovery responses that were not previously identified). Furthermore, as Plaintiff is proceeding pro se in this matter, the Court affords a fair measure of latitude and holds Plaintiff to a less stringent standard than what is typically applied to attorneys. *See generally Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.") (citations omitted). The Court denies Defendants' request to deny Plaintiff's motion on procedural grounds.

Responses that are evasive or incomplete constitute a failure to answer or respond.  Fed. R. Civ. P. 37(a)(4).  A response to an interrogatory is evasive or incomplete where it omits information obtainable by the responding party with reasonable effort.  *See Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977); *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977).  A response to a request for production of documents is incomplete where it omits documents that the responding party has practical ability to obtain.  *See Landry v. Swire Oilfield Servs., LLC*, 323 F.R.D. 360, 382 (D.N.M. 2018); *In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007).  An answer to a request for admission is sufficient where the responding party admits the truth of the matter asserted, "specifically den[ies] it or state[s] in detail why [it] cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  "The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete."  *Duran v. Donaldson*, No. 1:09-cv-758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011) (unpublished) (citing *Daiflon, Inc. v. Allied Chem. Corp.,* 534 F.2d 221, 227 (10th Cir. 1976)).

**DISCOVERY REQUESTS IN DISPUTE**

Here, in his motion to compel, Plaintiff complains that Defendants have not complied with their discovery obligations in answering Plaintiff's discovery requests.  Plaintiff complains that Defendants have "vaguely answered" his requests for admission, Doc. 120 at 3, explaining that "RRPD instead failed to either admit or deny the remaining requests by saying they made *'substantially similar statements'* and provided a paragraph of context for each admission request." *Id.* at 7 (emphasis in original).  Plaintiff states that the contents of the videos are concrete facts "not up for debate and endless context", and as such Defendant must simply admit or deny the discovery requests. *Id.* at 8.  Plaintiff seeks sanctions based on Defendants' bad faith conduct. *Id.*

Plaintiff identifies the specific discovery responses that he believes are deficient:

**D Hickerson**   RFA   8, 9, 14, 17, 18, 19, 20, 28

ROGS   6, 7, 11

RFP   5

**D Gallegos**   RFA   4, 7, 8, 10, 11, 13, 16, 17, 19, 28

ROGS   1, 2, 3, 4, 6, 7, 11, 16

RFP   1, 3, 5

**D Army**   RFA   7, 8, 9, 10, 14, 16, 17, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30

ROGS   13, 16

RFP   1, 3, 5

**D Portis**   RFA   8, 9, 10, 11, 12, 14, 15, 17, 18, 22, 24, 25, 26, 27, 28, 29, 30

ROGS   6, 12, 17

RFP   1, 3, 5

**D Parker**   RFA   16, 17, 18, 19, 24, 26

ROGS   3, 4, 6, 7, 8, 9, 10, 15, 16, 19, 20, 22, 24, 29

RFP   4, 5, 12, 13, 14, 15, 17

**D Miles**   RFA   6, 7, 8, 11, 14, 15, 19, 21, 24, 26, 27, 29, 30

ROGS   8, 12, 15, 17, 18, 19, 20, 21, 22, 28

RFP   2, 5, 10, 11, 13, 19, 20

**D Posey**   RFA   4, 13, 14, 18

ROGS   1, 16, 24, 27

Defendants answer that Plaintiff's motion is deficient because it fails to provide specificity as to why Defendants' discovery responses, as supplemented, are inadequate. Doc. 129 at 3. The Court liberally construes Plaintiff's motion as complaining that Defendants have not fully answered his discovery requests by unnecessarily qualifying their answers. Plaintiff cites to Fed.R.Civ.P. 37(a)(4), which the Court takes to mean that Plaintiff is arguing that the

Defendants' responses, including those to Plaintiff's requests for admission, are evasive or incomplete. Doc. 120 at 7.

To facilitate the Court's determination of Plaintiff's motion, the Court has categorized Plaintiff's requests into discrete groups, given that similar discovery requests are made to each Defendant, and similar responses are given by each Defendant.

**CATEGORIES OF REQUESTS IN DISPUTE**

1. Requests To Admit or Deny That A Defendant Made Statements As Captured On Video/Audio Recordings

In this category of request, Plaintiff seeks an admission or denial by each Defendant that they made discrete statements, as captured on video/audio from a Defendant's body-worn camera recording device, during each Defendant's interactions with Plaintiff or with other individuals in the six events described by the allegations of the Amended Complaint. A typical request (made in various iterations over 60 times) by Plaintiff to a Defendant is as follows:

> "6. Did you tell Jarrod Lowrey that you couldn't 'force the issue' about performing the welfare check if the child's mother told you to 'pound sand' on 10/22/21?"

*See* Doc. 121-1 at 56 (RFA 6 to Defendant Hickerson). The typical response provided by each Defendant to these requests is the following:

> "6. RESPONSE: Defendant Hickerson can neither admit nor deny the request as written on the grounds that a single statement, taken out of context, could be misleading. *Gonzales v. Goodyear Tire and Rubber Co.*, No 05-941, 2006 WL 8443839, at *2 (D.N.M. 2006). The correct meaning of the statement set forth in the request can only be determined in the context of the full recording of the incident."

*See* "Responses and Answers of RRPD Defendant Jonathan Hickerson to Plaintiff's Discovery Requests", Doc. 121-1 at 56 (Answer to RFA 6).

5

This response is provided or "incorporated by reference" in the following 63 discovery requests:

| | | |
|---|---|---|
| D Hickerson | RFA | 6, 8, 9, 14, 17, 18, 19, 20, 28 |
| D Gallegos | RFA | 3, 4, 7, 8, 10, 11, 13, 17 |
| D Army | RFA | 6, 8, 9, 10, 14, 16, 17, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30 |
| D. Parker | RFA | 17, 19 |
| D Portis | RFA | 7, 8, 9, 10, 11, 12, 14, 15, 17, 18, 22, 24, 25, 26, 27, 28, 29, 30 |
| D Miles | RFA | 6, 8, 14, 15, 21, 27, 29, 30 |
| D Posey | RFA | 4 |

2. <u>Defendant Lacking Recollection Of The Statement/Action, Doesn't Know, Or Simply Denies</u>

In other responses, Defendants state that they can't recall, don't know, and otherwise deny the specific request. Many responses refer back to an earlier response which is "incorporated by reference". This type of "don't recall" response occurs in the following 34 discovery requests:

| | | |
|---|---|---|
| D Gallegos | RFA | 16, 19, 28 |
| | ROGS | 1, 2, 3, 4, 16 |
| D. Army | RFA | 7 |
| D Parker | RFA | 18 |
| | ROGS | 3, 4, 6, 7, 19, 20, 24, 29 |
| D Miles | RFA | 7, 19, 24, 26 |
| | ROGS | 8, 12, 15, 17, 18, 19, 21, 28 |
| | RFP | 19 |
| D Posey | RFA | 18 |
| | ROGS | 16, 24 |

6

3. <u>Sensitive Documents Are Incorporated By Reference And/Or Will Be Produced Pursuant To A Protective Order</u>

In response to other discovery requests, Defendants refer Plaintiff to documents such as their human resources files, CYFD files, or investigative narrative reports, that were either already produced in discovery or which will be produced. This response is provided or "incorporated by reference" in the following 33 discovery requests:

    D Hickerson   ROGS  6, 7, 11
                           RFP    3, 5
    D. Gallegos    ROGS  6, 7, 11
                           RFP    3, 5
    D. Army       ROGS 13
                           RFP    3, 5
    D Parker       ROGS  8, 9, 10, 15, 16, 22
                           RFP    12, 13, 14, 15, 17
    D Portis        ROGS 12, 17
                           RFP    3, 5
    D Miles        RFP    2, 5, 10, 11, 13

4. <u>Other Discovery Responses Objected To By Plaintiff</u>

Other responses identified by Plaintiff as objectionable and which don't fit into the above categories include the following:

    D. Gallegos   RFP   1   (re documents relied upon regarding safety of child)
    D Army        RFP   1   (same)
    D Portis       RFP   1   (same)

    D. Army       ROGS 16  (re number of contacts with Jennifer Regan)
    D Parker      RFA   24  (re knowledge of CYFD investigation)
                         RFA   26  (re creation of reports)

|          | ROG 10 | (re time taken off) |
|          | ROG 17 | (re why a summary document was not uploaded) |
| D Portis | ROGS 6 | (re number of times heard CYFD caseworker being asked about child going home) |
|          | ROGS 26 | (re why Portis disparaged Plaintiff in front of other individuals) |
| D Miles  | RFA 11 | (re knowledge of expiration of CYFD investigation) |
|          | ROGS 20 | (re information provided in report that wasn't in another case report) |
|          | ROGS 22 | (re details of who sold drugs to Plaintiff's minor daughter) |
|          | RFP 20 | (re 5 reports that Plaintiff filed against Ms. Regan) |
| D Posey  | RFA 13 | (re admitting you were trained to "believe all women") |
|          | RFA 14 | (re admitting men can make domestic violence reports) |
|          | ROGS 1 | (re listing all laws and regulations that exclude an individual from filing a domestic violence report) |
|          | ROGS 27 | (re whether department's standard operating procedures allow officers to become involved in child custody cases) |

5. Supplemental Responses Provided By The Defendants

As noted above, subsequent to the Court's informal discovery dispute conference held in March 2024, Defendants supplemented many of their discovery responses. *See* Doc. 121-3, 38-76. A representative example is Defendant Hickerson's supplemental response to Plaintiff's RFA 6 (already discussed *supra*), which asks Hickerson to admit or deny that he told Plaintiff he couldn't "force the issue" about performing a welfare check. In supplementation, Defendant Hickerson responds:

> "SUPPLEMENTAL RESPONSE: Defendant Hickerson admits that he made this statement in the context of a discussion with Plaintiff where Defendant Hickerson was explaining to Plaintiff that because there was a parenting plan and Plaintiff did not have physical custody of N.L. on the date in question, Ms. Regan did not have to comply with Defendant Hickerson's requests."

*See* Doc. 121-3 at 62 ("Supplemental Responses and Answers of RRPD Defendant Jonathan Hickerson to Plaintiff's Discovery Requests").

Defendants supplemented the following 61 requests:

| | | |
|---|---|---|
| D Hickerson | RFA | 8, 9, 14, 17, 18, 19, 20, 28 |
| D Gallegos | RFA | 4, 7, 8, 10, 11, 13, 16, 17 |
| D. Army | RFA | 7, 8, 9, 10, 14, 16, 17, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30 |
| D. Portis | RFA | 8, 9, 10, 11, 12, 14, 15, 17, 18, 22, 24, 25, 26, 27, 28, 29, 30 |
| D Parker | RFA | 17, 19 |
| D Miles | RFA | 6, 8, 14, 15, 21, 27, 29, 30 |
| D Posey | RFA | 13 |

6. <u>Sanctions And/Or Other Relief Sought By Plaintiff</u>

In his motion to compel, Plaintiff generally claims that Defendants have operated "in bad faith" by stalling their responses to his discovery requests, presumably in the hope that the case will be dismissed prior to Defendants having to answer. Doc. 120 at 6-8. Plaintiff states:

> "P respectfully asks the Court to sanction RRPD for their bad faith gamesmanship, unprofessional actions, non-compliance with discovery, bad faith adjudications, and for burdening the Plaintiff and the Court through this senseless pre-trial motion practice."

*Id.* at 9-10. Plaintiff notes that, despite a protective order having been filed on April 17, 2024, Defendants have still not produced documents to Plaintiff. *See* Doc. 120 at 8. Plaintiff seeks the following sanctions: deem Plaintiff's requests admitted; disallow Defendants from filing "premature dismissal motions"; strike the Defendants' dismissal motions; stay further proceedings; render default judgment against Defendants; and hold defense counsel in contempt. *Id.* at 9. Defendants counter that Plaintiff's request for sanctions is unjustified, as they have participated in discovery in good faith. Doc. 129 at 6.

**ANALYSIS**

Objections Alleging Incomplete Or Evasive Answers

Plaintiff argues that Defendants have refused to fully respond to his discovery requests. The majority of disputes concern Plaintiff's Requests for Admission regarding statements each of the Defendants allegedly made as recorded by their body-worn camera devices. Plaintiff seeks a simple "Admit" or "Deny", without any further explanation. As Plaintiff explains:

> "The task of admitting or denying whether the RRPD Defendant's [sic] said certain quotes should not be considered an arduous task given that Plaintiff unburdened them by providing timestamps for each request. All the RRPD Defendants would have had to then do is fast forward straight to the timestamps and watch the 10 second clip and admit or deny if they said the quoted discovery request. The supplemented responses did not even require watching the whole videos. Additionally, the RRPD defendants were already aware of the questions as they had not changed."

Doc. 120 at 5. Elsewhere, Plaintiff notes that the authenticity of the videos has been conceded by defense counsel. *Id.* at 4.

First, the Court is unpersuaded that Defendants intentionally refused or otherwise delayed in responding to Plaintiff's discovery requests. At the informal discovery dispute conference, the Court stated that, should the matter be presented in a formal motion, the Court would likely find that Plaintiff first needs to provide pinpoint citations to specific statements, and that Defendants must provide fuller, more robust responses to the various requests. To its latter suggestions, the Court noted that, while Defendants need to supplement their responses, "they can provide context to their answers if necessary." *Id*. Subsequently, Defendants supplemented their responses. *See* Doc. 121-3 at 38-76.

Next, the Court finds that the supplemental responses provided by Defendants are sufficient and in compliance with the rules of discovery and with this Court's suggestions at the

10

informal discovery dispute process.  Oftentimes, it is not possible or otherwise appropriate to answer a discovery request with a simple "yes" or "no", or "admit" or "deny", as the statement sought to be admitted can only be understood in the context in which it was made.  Generally, qualification is permitted if the statement, although containing some truth, '… standing alone out of context of the whole truth… convey[s] unwarranted and unfair inferences.'" *Diederich v. Dept. of the Army,* 132 F.R.D. 614, 619 (S.D.N.Y 1990) (citations omitted).

      Here, Plaintiff may be dissatisfied with Defendants' responses which at times qualify and explain a discrete statement, but the Court is not willing to conclude that a Defendant's inability or unwillingness to confine their responses to an "admit or deny" binary paradigm means that the Defendant's discovery responses are somehow deficient or otherwise violative of the rules. Plaintiff is mistaken if he believes that requests for admission *always* mandate a one word, "admit" or "deny" answer.   *Cf.* Fed.R.Civ.P. 36(a)(4) ("when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").

      Of the groups of discovery responses, then, the largest category Plaintiff finds objectionable is where a Defendant neither admits nor denies that s/he made a specific statement, as such statement, taken out of context, could be misleading.  Defendants cite to *Gonzales v. Goodyear Tire and Rubber Co.*, No 05-941, 2006 WL 8443839, at *2 (D.N.M. 2006) for the proposition that the correct meaning of the statement set forth in the request can only be determined in the context of the full recording of the incident.  This is permissible.  And subsequent to the Court's informal discovery dispute conference, Defendants amplified their responses to actually admit some statements, deny others, or provide the context in which the statements occurred.  This is also permissible and good practice.  *See* Fed.R.Civ.P. 36(a)(4).

11

Plaintiff also objects when a Defendant flatly denies the requested admission, or when the defendant otherwise states that s/he can't recall and therefore can't provide an answer. *See e.g.* RFA 7 to Defendant Army, Doc. 121-3 at 52 ("7. Did Gallegos tell you, 'I'm not getting where the safety indicators are at, I just get the feeling CYFD doesn't like him' on 6/21/22 at about 7:59 pm?" "RESPONSE: Deny"). Plaintiff fails to explain the basis of his objection, and the Court doesn't see one. Here, Plaintiff has gotten a <u>direct</u> response to his request: Defendant Army flatly denied making the statement. There is nothing more Defendant must do, and if Plaintiff would like to impeach Defendant Army with a recording that contradicts his response, then he may do so at motions hearing or trial. Again, Plaintiff may be dissatisfied with a witness' specific response, but Plaintiff's dissatisfaction doesn't mean the witness' response is deficient or otherwise improper.

Finally, Defendants refer in some of their responses to certain documents that are or will be produced to Plaintiff pursuant to a protective order. Documents such as investigative reports in a CYFD matter, or personnel files regarding a Defendant's employment history, are properly subject to a protective order, and to the extent they are responsive to Plaintiff's request, it is appropriate for the defense to direct the Plaintiff's attention to the specific document in lieu of separately responding to the request by producing or quoting the protected document in violation of the protective order. The Court concludes that there is no basis for Plaintiff's objection to this category of responses. However, to the extent any of the documents subject to a protective order have not been produced by the defense to the Plaintiff, the Court will order the defense to produce such documents to Plaintiff within 10 days of this order.

<u>Other Objections By Plaintiff</u>:

Numerous other discovery responses found objectionable by Plaintiff don't neatly fall into the three categories discussed above. In each instance, Plaintiff fails to articulate the basis behind his objection, and therefore any objection that Defendant might have is waived. "The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete." *Duran v. Donaldson*, No. 1:09-cv-758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011) (unpublished) (citing *Daiflon, Inc. v. Allied Chem. Corp.,* 534 F.2d 221, 227 (10th Cir. 1976)); *also see Consumer Financial Protection Bureau v. Carnes*, 2024 WL 1195565 at *3 (Slip Op.) (D. KS, March 20, 2024) ("Again, in her motion, Ms. Carnes generally does not identify or discuss the specific discovery responses she challenges as containing improper conditional objections. She has therefore not met her initial burden of drawing the Court's attention to the specific conditional objections she is asking the Court to overrule. Ms. Carnes' global request for the Court to overrule Plaintiff's "subject to" objections to her first set of discovery requests is therefore denied.").

Plaintiff's generalized objections to Defendants' discovery responses include the following:

<u>Defendants Gallegos (RFP 1), Army (RFP 1), and Portis (RFP 1)</u>:

> Plaintiff sought the production of documents used by Defendants to determine that the child was in danger on June 21, 2022. Each Defendant objected by stating the request was based on the assumption that the s/he made a decision about whether the minor was in danger, but notwithstanding that objection each Defendant pointed to the CYFD Safety Plan which suggested that the child might be endangered should Plaintiff be allowed to take him from the daycare facility. *See* Doc. 121-1 at 72; 83-84; 113. Plaintiff objects to

13

these responses, but fails to state the basis for such objection. The Court will not attempt to divine the basis of Plaintiff's objection.

Defendant Army (ROG 16):

Plaintiff objects when Defendant Army responds he only had contact with Ms. Regan on one occasion. Doc. 121-1 at 83. It remains unclear how this direct answer is objectionable. Here too, the Court will not supply a basis for a generalized objection.

Defendant Parker (RFA 24, 26):

Plaintiff objects to Defendant Parker's response about whether he knew an investigation had expired by law, and whether he generated a report after Plaintiff's minor child was "seized", as according to the Defendant, both requests require admitting to a conclusion of law. *See* Doc. 121-1 at 91-92. Plaintiff does not inform the Court of the basis of his objections.

Defendant Parker (ROG 17):

Plaintiff objects to Defendant Parker's response as to why a CYFD summary document was not uploaded into a casefile as evidence; Defendant Parker responded that his notes were added to the file, but he believed he was waiting to receive the official report from the CYFD investigator. Doc. 121-1 at 95. Plaintiff objects but provides no basis for that objection.

Defendant Portis (ROG 6):

Regarding the number of times Defendant Portis heard a CYFD caseworker being asked if the child would be harmed if allowed to go home, Defendant Portis responded that he

recalls the topic was discussed four times.  Doc. 121-1 at 108.  Plaintiff generally objects, but fails to explain the basis of his objection to this response.

Defendant Portis (ROG 26):

Regarding why Defendant Portis disparaged Plaintiff in front of other individuals, Defendant Portis responded that "the nature of the dispute and the extended exchanges with the persons present caused me to form certain opinions about Mr. Lowrey's actions."  Doc. 121-1 at 112.  Plaintiff fails to explain how this discovery response is objectionable.

Defendant Miles (RFA 11):

Regarding Plaintiff's request that Defendant Miles admit she knew that a CYFD investigation had expired, Miles stated she could neither admit nor deny answering this RFA as doing so would include a conclusion of law.  Doc. 121-2 at 3.  Plaintiff generally objects but fails to explain the basis to the objection.

Defendant Miles (ROG 20):

Regarding information provided in Defendant Miles' report that wasn't in another case report, Doc. 121-2 at 10, Defendant Miles objected because the interrogatory falsely assumes that the reports duplicate each other and ignores the fact that the reports concerned different allegations and dealt with different evidence.  Defendant Miles also responds that the best evidence of the contents of the reports is the reports themselves.  *Id.*  Plaintiff generally objects but fails to provide the basis to the objection.

Defendant Miles (ROG 22):

Regarding details of who sold drugs to Plaintiff's minor daughter, Doc. 121-2 at 11, Defendant Miles objects because the interrogatory incorrectly assumes he was advised he had been told who was selling drugs to the minor daughter, when in fact the CAD Event Report does not indicate such a report was made. Plaintiff generally objects but fails to provide the basis to the objection.

Defendant Miles (RFP 20):

Regarding the production of five reports that Defendant Miles states Plaintiff filed against Ms. Regan, Doc. 121-2 at 16, Defendant Miles objects to the false assertion that he made such a statement. Plaintiff generally objects but fails to provide the basis to the objection.

Defendant Posey (RFA 13):

Regarding Defendant Posey's objection to the request that she admit that she was trained to "Believe All Women" since the phrase is too generalized and not defined, Doc. 121-2 at 25, Plaintiff generally objects but fails to explain the basis to the objection.

Defendant Posey (RFA 14):

Regarding Defendant Posey's objection to answering the request that she admit that men can make domestic violence reports because the request improperly seeks an admission regarding a general question of law and fails to provide citation to the purported law, Doc. 121-2 at 25, Plaintiff generally objects but fails to provide the basis to the objection.

Defendant Posey (ROG 1):

Regarding Defendant Posey's objection to listing all laws and regulations that exclude an individual from filing a domestic violence report with CVAU because she is not qualified

to provide a legal conclusion, Doc. 121-2 at 27, Plaintiff generally objects but fails to provide the basis to the objection.

Defendant Posey (ROG 27):

Regarding Defendant Posey's objection to answering whether the department's standard operating procedures allow officers to become involved in child custody cases because the question calls for a legal conclusion, Doc. 121-2 at 32, Plaintiff generally objects but fails to provide the basis to the objection.

Ultimately, Plaintiff fails to identify with particularity how Defendants' responses are deficient. And while Plaintiff acknowledges that Defendants supplemented many of their responses, he claims these supplemental responses "did nothing to sufficiently comply with the discovery requests." Doc. 134 at 2. Plaintiff's motion is replete with conclusory comments and accusations of bad faith, gamesmanship, and purposeful delay, but lacks any detailed argument as to *how* the discovery responses are deficient, evasive or incomplete. As noted above, setting forth generalized, non-specific objections to discovery responses are inadequate and, accordingly, not well taken. It is Plaintiff's burden to demonstrate the inadequacy of the discovery responses, and repeatedly proclaiming that Defendants have acted in bad faith does not advance the ball. *See Duran v. Donaldson*, No. 1:09-cv-758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011) (unpublished) (citation omitted) ("The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete.").

**CONCLUSION**

The Court understands Plaintiff to be frustrated with Defendants' responses to his discovery requests, but the Court sees nothing improper about the responses given, especially

after supplementation. Here, it is Plaintiff's obligation to set forth his requests for admission plainly and succinctly, and in a manner that can be answered with a simple admit or deny without an explanation. It is also Plaintiff's burden to demonstrate the inadequacy of Defendants' discovery responses. Plaintiff fails on both measures. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is **DENIED**. Plaintiff's requests for sanctions for alleged discovery abuse by Defendants are also **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent any documents subject to a protective order have not been produced by the defense to the Plaintiff, the defense must produce such documents within 10 days of this order.

_____
HON. JOHN F. ROBBENHAAR
United States Magistrate Judge