IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

      **Plaintiff,**

    **v.**                                          **Civ. No. 23-372 JCH/JFR**

DAVID PORTIS et al.,

      **Defendants.**

## ORDER DENYING PLAINTIFF'S
## MOTION UNDER RULE 56(d)

**THIS MATTER** is before the Court on *Plaintiff's Rule 56(d) Motion for Dismissal of Summary Judgement [sic] Without Prejudice* ("Motion") filed April 3, 2024.  Doc. 105. Defendants responded in opposition on April 17, 2024, and Plaintiff replied on May 1, 2024. Doc. 112, 124.  The Motion is ripe for decision.  Doc. 125.  On May 30, 2024, the Court entered an Order denying Plaintiff's *Motion to Compel* (Doc. 120).  Doc. 136.  Because the basis of the instant Motion is premised on the discovery disputes already resolved by the Court, and because the instant Motion falls short of the showing required for the Court to rule in Plaintiff's favor under Federal Rule of Civil Procedure 56(d), it is not well-taken and is therefore **DENIED.**

## BACKGROUND

The details of the discovery disputes between the parties have been previously outlined at length, *see generally* Docs. 120, 129, 134, 136, so the Court avoids undue reiteration here to the extent possible.  In short, Plaintiff took issue with myriad discovery responses from Defendants and moved the Court to compel Defendants to provide responses which, in his view, more sufficiently answered his requests.  The Court concluded that the relief sought was largely

unfounded, and thus denied it.[1]  In the instant Motion, filed in lieu of a response to Defendants'

outstanding *Motion for Summary Judgment Dismissing Counts 2-9* (Doc. 95), Plaintiff relies

almost entirely on the disputed discovery responses, and otherwise falls short of the showing

required by Rule 56(d).[2]

## ANALYSIS

Rule 56(d), formerly Rule 56(f), provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.

"The protection afforded by Rule 56[(d)] is an *alternative* to a response in opposition to

summary judgment under 56[(c)]." *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833

(10th Cir. 1986) (emphasis in original).  The non-movant bears the burden of showing that

additional discovery is necessary.  *Martin v. City of Santa Fe*, 626 F. App'x 736, 740 (10th Cir.

2015).  The decision whether to grant a Rule 56(d) motion lies within the Court's discretion.

*Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553-54 (10th Cir. 1993).

A Rule 56(d) declaration must meet four requirements.  *Valley Forge Ins. Co. v. Health

Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010).  First, the declarant must

identify "the probable facts not available." *Id.* (internal quotation marks and citation omitted).

Second, the declarant must state "why those facts cannot be presented currently." *Id.*  Third, the

---

[1]     Of note, the Court ordered Defendants to turn over to Plaintiff any documents subject to a protective order that had not already been produced no later than June 10, 2024.  Doc. 136 at 12, 18.  The Court assumes Defendants have complied with this order because it has not heard to the contrary.

[2]     Plaintiff also makes an argument that Defendants' motion for summary judgment "was filed in bad faith." Doc. 105 at 4.  Plaintiff appears to base his argument on the proposition that Defendants' motion for summary judgment was filed "far too premature[ly]," in a manner contrary to the rules and case law.  *Id.*  As explained herein, that is not the case.  And in any event, zealous advocacy on behalf of one's clients in pleadings is not an act taken in bad faith. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015).

declarant must outline "what steps have been taken to obtain these facts." *Id.* (internal quotation marks and citation omitted).  And fourth, the declarant must explain "how additional time will enable [him] to obtain those facts and rebut the motion for summary judgment." *Id.* (internal quotation marks and citation omitted).   "A party may not invoke Fed. R. Civ. P. 56[(d)] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable.  Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, and Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (citation omitted).

The Court's discretion under Rule 56(d) is "further restricted when a summary judgment motion based on qualified immunity is at issue." *Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  In cases where qualified immunity is asserted, "there is a strong policy justification for staying discovery and for refusing requests for additional discovery." *Martin*, 626 F. App'x at 740.  In this case, Defendants have not moved to stay discovery.  But, "[w]hen the summary judgment motion is based on qualified immunity, the non-movant's Rule 56(d) affidavit must also demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (internal quotation marks and citation omitted).  Thus, "the plaintiff bears the burden of demonstrating how such discovery will raise a genuine fact issue as to the defendants' qualified immunity claim." *Martin*, 626 F. App'x at 740 (alteration, internal quotation marks, and citation omitted).

### Plaintiff Has Not Borne His Burden Under Rule 56(d)

Here, Plaintiff does not identify any probable facts that are not available to him that he expects to uncover in discovery.  It follows, then, that he cannot sufficiently state why such facts

cannot be presented at this time, the steps he has taken to obtain those facts, and how additional time will allow him to do so. Assuming, however, that such facts were identified, the Court understands Plaintiff to argue that he cannot adequately oppose Defendants' motion for summary judgment because discovery has not yet closed. *See* Doc. 105 at 1, 2-3, 7. This does not aid Plaintiff, especially because he has not identified the facts he believes additional discovery will uncover. *See Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.*, Nos. 02-CV-1146, 03-CV-1185, 2007 WL 2461629, at *3 (D.N.M. June 5, 2007) ("Rule 56[(d)] does not require . . . that summary judgment not be entered until discovery is complete." (citing *Price v. W. Res., Inc.*, 232 F.3d 779, 784 (10th Cir. 2000)); *cf. Dobson v. Hipold*, No. 21-CV-949, 2022 WL 1689292, at *3 (D. Colo. May 26, 2022) (rejecting an argument that a motion for summary judgment was premature because the additional discovery sought by the plaintiff would not aid him in defeating the motion). The Court further understands Plaintiff to argue that the discovery he has received is inadequate given the disputes between the parties. Doc. 105 at 1-2, 6-8. Again, any argument on this score is a non-starter because the Court has resolved those disputes and determined that Defendants have sufficiently complied with Plaintiff's discovery requests. *See generally* Doc. 136.

As to the steps Plaintiff has taken to obtain discovery, the Court appreciates that Plaintiff has been diligent in propounding his discovery requests and followed its directives to modify his requests when necessary—two points he raises in his Motion. Doc. 105 at 2, 3, 6. However, this does not help him here. Plaintiff does not identify any fact he cannot presently demonstrate. To the extent Plaintiff's argument that Defendants "have not sent any discovery questions to Plaintiff as of yet" can be read to bear on this portion of the Rule 56(d) analysis, it is meritless. Doc. 105 at 7. Defendants need not propound discovery requests on Plaintiff if they do not think

it necessary.  In fact, the avoidance of needless discovery is desirable in any case before the Court.  *See* Fed. R. Civ. P. 1 (stating the rules of civil procedure should be used in a manner that is cognizant of expense); *see, e.g.*, *Otero v. Buslee*, 695 F.2d 1244, 1248 n.1 (10th Cir. 1982) ("The defendants' desire to avoid needless discovery is laudable.").  Finally, Plaintiff has not sufficiently explained how additional time will allow him to obtain the unspecified discovery sought.  Simply noting that the discovery period is still open does not do.  *See Ben Ezra*, 206 F.3d at 987; *Trujillo*, 2007 WL 2461629, at *3.

In short, Plaintiff has not satisfied any of the four steps required to show additional discovery is necessary under Rule 56(d).  But even assuming he had, his declaration is still wholly deficient in this case.  Defendants' motion for summary judgment in premised on qualified immunity.  Doc. 95 at 6.  Plaintiff states that the "facts in the amended complaint, along with the outstanding discovery requests, if answered honestly, will allow Plaintiff to overcome any immunity" asserted by Defendants and that "though he has not had the opportunity yet to provide case law showing that [Defendants] have no immunity, he has pages and pages of controlling case law showing that [Defendants] have no immunity for their unconstitutional actions on their own videos."  Doc. 105 at 7.  He further states that "it is too early in the stage of discovery" for the Court to consider qualified immunity.  *Id.*  Plaintiff is mistaken.

First, the sufficiency of the facts as pled in the Complaint are tested on a Rule 12(b) motion, *Pueblo de Cochiti v. United States*, 647 F. Supp. 538, 542 (D.N.M. 1986) ("A Fed. R. Civ. P. Rule 12(b)(6) motion tests the sufficiency of the [c]omplaint."), and the purpose of a Rule 56 summary judgment motion is to ascertain whether there is a genuine dispute of material fact.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) ("Though determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits

near the law-fact divide. . . . Evaluating the sufficiency of a complaint is not a 'fact-based'
question of law."). Second, the outstanding discovery requests to which Plaintiff refers were the
subject of the dispute resolved by the Court, and the Court has determined that Defendants
sufficiently complied with Plaintiff's discovery requests. *See generally* Doc. 136. Third, with
respect to the authority Plaintiff believes will undercut Defendants' assertion of qualified
immunity, Plaintiff will have the opportunity to present this authority in a response in opposition
to Defendants' motion for summary judgment.

      Lastly, Plaintiff's position that it is too early to decide the question of qualified immunity
is directly contrary to the instructions of the Supreme Court and the Tenth Circuit. Indeed, "[t]he
Supreme Court has emphasized the broad protection qualified immunity affords, giving officials
a right not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as
discovery." *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (internal quotation marks and
citation omitted). "Consequently, courts should resolve the purely legal question, raised by a
qualified immunity defense, at the earliest possible stage in litigation." *Id.* (internal quotation
marks and citations omitted). The Court has already noted that Defendants have not sought a
stay in discovery while the Court assesses the merits of their qualified-immunity defense.
Nevertheless, Plaintiff is not absolved of his burden to "demonstrate a connection between the
information he would seek in discovery and the validity of the defendant's qualified immunity
assertion." *Gutierrez* at 841 F.3d at 908 (internal quotation marks and citation omitted). On this
burden, he again falls short, because "it is insufficient for the party opposing the motion to
merely assert that additional discovery is required to demonstrate a factual dispute or that
evidence supporting a party's allegations is in the opposing party's hands." *Id.* (internal
quotation marks and citation omitted). Plaintiff has done no more than that, and the Court has

already determined that Defendants have sufficiently provided him the discovery he has sought. In short, he "neither identifie[d] any probable facts not available, nor state[d] with specificity how additional material will rebut the summary judgment motion" premised on qualified immunity. *Trask v. Franco*, 446 F.3d 1036, 1041-42 (10th Cir. 2006) (internal quotation marks and citations omitted); *see id.* (holding that the district court did not abuse its discretion in denying additional discovery based on "lack of specificity" in the Rule 56(d) affidavit).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED.**  Plaintiff shall respond to Defendants' *Motion for Summary Judgment Dismissing Counts 2-9* (Doc. 95) within 14 days of entry of this Order.

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
United States Magistrate Judge