IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JARROD LOWREY,**

      **Plaintiff,**

      v.                                                           Civ. No. 23-372 JCH/JFR

**DAVID PORTIS et al.,**

      **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION FOR IMMEDIATE
RECONSIDERATION OF THE COURT'S DENIAL OF PLAINTIFF'S
RULE 37 MOTION TO COMPEL AND PLAINTIFF'S
<u>CORRESPONDING RULE 56(d) MOTION</u>**

**THIS MATTER** is before the Court on Plaintiff's *Motion for Immediate Reconsideration of the Court's Denial of Plaintiff's Rule 37 Motion to Compel and Plaintiff's Corresponding Rule 56(d) Motion* ("Motion") filed on June 28, 2024.  Doc. 144.  Defendants have not responded and the time for doing so has expired.  *See* D.N.M.LR-Civ. 7.4(a).  The Motion is ripe for decision.  *See* D.N.M.LR-Civ. 7.1(b).  For the reasons that follow, the Court finds that the Motion is not well-taken and is therefore **DENIED.**

**I. BACKGROUND**

At issue here are two Orders entered by the Court denying relief sought by Plaintiff.  In the first, entered May 30, 2024, the Court denied Plaintiff's *Motion to Compel* (Doc. 120).  Doc. 136.  Therein, the Court concluded that Defendants adequately responded to Plaintiff's discovery requests, and that Plaintiff did not meet his "obligation to set forth his requests for admission plainly and succinctly, and in a manner that can be answered with a simple admit or deny without explanation."  *Id.* at 17-18.  The Court further concluded that Plaintiff did not carry his "burden to demonstrate the inadequacy of Defendants' discovery responses."  *Id.* at 18.

In the second Order at issue, filed June 11, 2024, the Court denied Plaintiff's *Rule 56(d) Motion* (Doc. 105), wherein Plaintiff argued Defendants' *Motion for Summary Judgment Dismissing Counts 2-9* (Doc. 95) was premature. Doc. 141. The Court concluded that the motion was "premised on the discovery disputes already resolved by the Court" and that Plaintiff otherwise did not bear his burden under Rule 56(d), particularly because qualified immunity is an issue on summary judgment. *Id.* at 1, 3-7. The Court ordered Plaintiff to respond to the motion for summary judgment within 14 days. *Id.* at 7. Plaintiff did not do so. Instead, he filed the instant Motion.

## II. ANALYSIS

"The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration." *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 229 F.R.D. 232, 234 (D.N.M. 2005) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). Plaintiff attempts to proceed under Rule 59(e). Doc. 144 at 1. This Rule, however, applies only to final judgments. *Trujillo*, 229 F.R.D. at 234. Nevertheless, "[t]he Court may alter or amend an interlocutory order at any time before the filing of the final judgment." *Id.* at 235. "Reconsideration is a matter of the court's discretion and is appropriate when the court has made an error of fact or of law." *Todd v. Montoya*, 791 F. Supp. 2d 1060, 1062 (D.N.M. May 30, 2011) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

**Plaintiff Has Not Demonstrated That the Court Made Factual or Legal Errors**

A.  *Motion to Compel*

Plaintiff challenges the Court's ruling on his *Motion to Compel* insofar as the Court addressed Defendants' objections to Requests for Admission ("RFAs"). Doc. 144 at 14.

2

Plaintiff begins by stating that he enjoys "'broad and liberal' rights in discovery." *Id.* at 3.  The Court is well-aware of the standard governing the discovery phase of litigation, so it need not dwell on this standard any further, particularly because Plaintiff does not attach developed argument to it.  Plaintiff next states that *Gonzales v. Goodyear Tire and Rubber Co.*, No. 05-CV-941, 2006 WL 8443839 (D.N.M. Aug. 18, 2006), relied upon by Defendants in their discovery objections and the Court in its Order, "is not relative [sic] to the discovery at hand." Doc. 144 at 4.  Plaintiff argues that *Gonzales* is strictly a "'work privilege'"[1] case, and thus inapposite here because Defendants did not claim a privilege in their discovery objections. *Id.* at 4-5. This argument fails because *Gonzales* is not a case confined to discussion of any "privilege" a party may enjoy in litigation.  In fact, such discussion does not appear in *Gonzales*.  That case concerned RFAs and litigants' responsibilities in serving and responding to them.  Those were issues in Plaintiff's *Motion to Compel*, and *Gonzales* is instructive.

Plaintiff next complains that, in the context of the videos at issue, "the Court erred by not asking who [Defendants are] referring to when they say the statement could be misleading [in] regards to whom." *Id.* at 5.  Plaintiff argues that, somehow, this impinges on the trial fact-finder's province to weigh the evidence. *Id.* at 6, 12.  Plaintiff seems to argue that the context in which such statements were made should be determined by the fact-finder. *Id.* at 5-6, 12.  This argument is non-sensical and it is not reflective of the Court's ruling.  The Court's ruling with respect to Defendants' objections to certain RFAs, as they relate to the videos, has nothing to do with the admission of those videos at trial and the factfinder's ability to weigh that evidence.  Rather, the Court ruled that allowing Defendants to provide context to qualify their answers to

---

[1]      The Court believes Plaintiff may be referring to "work product" or "work product privilege."

the RFAs was appropriate to ensure that the statement for which admission is sought is understood in the context in which it was made.  Doc. 136 at 10-11.

Plaintiff also argues that the Court's ruling contradicts its "earlier judgment" in an Informal Discovery Dispute Status Conference held on May 8, 2024.  Doc. 144 at 6.  The Court believes Plaintiff to be referring to the Informal Discovery Dispute Status Conference held on *March* 8, 2024, as he quotes from the Clerk's Minutes from that conference.  *Id.*; *see* Doc. 94 at 2.  While the Court disagrees with Plaintiff's characterization of the discussions at that conference, his argument is of no consequence.  It is the Court's policy that it "will endeavor to explain how it would likely rule if the matter were presented to the Court by way of formal motion."[2]  This Court does not issue rulings at Informal Discovery Dispute Status Conferences.  Obviously, here, the matter was not resolved prior to Plaintiff filing his *Motion to Compel*, and the Court issued an Order on the motion.

Plaintiff next spends several pages rehashing arguments already addressed by the Court in its Order, restating portions of the Court's Order, or quoting caselaw that is inapposite.  Doc. 144 at 7-16.  Plaintiff's submission does not demonstrate that the Court committed errors of fact or errors of law, so the Court does not address it.

B.     *Rule 56(d) Motion*

As to Plaintiff's challenge to its Order under Rule 56(d), he argues that the Court's ruling is "prejudicial" because it "abrogated and intrudes upon Plaintiff's broad discovery rights."  Doc. 144 at 16.  The Court's ruling as to this motion was quite simple.  Aside from concluding that Plaintiff's motion under Rule 56(d) was premised on the discovery disputes already resolved by the Court, the Court concluded that Plaintiff failed to demonstrate what facts were necessary for

---

[2] Judge Robbenhaar's Procedures for Civil Discovery, Settlement Matters, and Discovery Disputes, available at: https://www.nmd.uscourts.gov/content/honorable-john-f-robbenhaar.

4

him to respond to Defendants' summary judgment motion, how additional time would allow him to obtain those facts, and how that material would aid him in rebutting Defendants' qualified-immunity defense.  *See generally* Doc. 141.  Here, again, Plaintiff attempts to rely on the parties' discovery dispute related to the RFAs discussed above.  Doc. 144 at 16-17.  This issue remains resolved.  As demonstrated above, Plaintiff has presented no basis for the Court to reconsider its earlier ruling on discovery.[3]  The same is true with respect to his *Rule 56(d) Motion*.  In fact, Plaintiff does not address the qualified-immunity issue at all.  That failure was decisive in the Court's earlier Order, because the law is clear: "When the summary judgment motion is based on qualified immunity, the non-movant's Rule 56(d) affidavit must also demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion."  *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (alteration, internal quotation marks, and citation omitted).  Because Plaintiff failed to make such a connection, the Court's earlier Order stands and reconsideration is inappropriate.

### III. CONCLUSION

For all these reasons, Plaintiff's Motion is **DENIED**.  Plaintiff is permitted 14 days from the date of this Order to file any response in opposition to Defendants' *Motion for Summary Judgment Dismissing Counts 2-9* (Doc. 95).  Further extensions to this response deadline will be disfavored.

**IT IS SO ORDERED.**

JOHN F. ROBBENHAAR
United States Magistrate Judge

---

[3] Plaintiff presents one additional argument, stating that the Court's Order "turns the non-dispositive matters of Plaintiff'[s] Rule 37 and 56(d) motions into dis-positive [sic] matter wish disallow the Magistrate to make further rulings upon."  Doc. 144 at 17.  The Court does not engage with this argument, except to say that the argument is meritless.  The Court is keenly aware of what non-dispositive rulings it is permitted to make.