IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

      Plaintiff,

vs.                                                   Civ. No. 23-372 JCH/JFR

DAVID PORTIS, et al.,

      Defendants.

## ORDER OVERRULING OBJECTIONS AND DENYING MOTION TO DISMISS PRIOR RRPD COUNSEL'S SUMMARY JUDGMENT AND 12(C) MOTIONS

**THIS MATTER** is before the Court on Plaintiff Jarrod Lowrey's *Motion to Dismiss Prior RRPD Counsel's Summary Judgment Motion and 12(C) Motion* (ECF No. 172); *Objections to Order Denying Plaintiff's Motion to Compel* (ECF No. 173); *Objections to Order Denying Plaintiff's Rule 56(d) Motion* (ECF No. 174); and *Objections to Magistrates Memorandum Opinion and Order Regarding Plaintiff's Unprofessional and Improper Filings* (ECF No. 187). Having considered the record and applicable law, the Court concludes that the objections and motion are without merit. The Court will therefore overrule the objections and deny the motion to dismiss the Defendants' motions.

## BACKGROUND

In March 2024, the Honorable John F. Robbenhaar held an informal discovery dispute status conference at the request of the parties concerning, among other things, a dispute about objections raised by the Defendants regarding Plaintiff's requests for admission ("RFAs") and related interrogatories. (Clerk's Minutes 1, ECF No. 94.) At the status conference, Plaintiff clarified that statements contained in his RFAs are contained in bodycam videos. (*Id.*) Defense counsel explained that it was difficult to determine where the statements are in the videos and

evaluate the context. (*Id.*) Judge Robbenhaar indicated that, if the issue were raised formally, he would likely require Plaintiff to provide Defendants with citations to timestamps for the statements in the videos, and that the Court "believes Defendants need to answer the RFAs, but they can provide context to their answers if necessary." (*Id.* at 2. *See also* Order 10, ECF No. 136.) Defendants subsequently submitted supplemental responses and answers. (*See* Certificates of Serv., ECF Nos. 115-18; Supp. Resp., ECF No. 121-3 at 38-76.)

Defendants David Portis, Phillip Gallegos, and Nick Army, all of whom are Rio Rancho Police Department officers (collectively, "RRPD Defendants"), filed a *Motion for Summary Judgment Dismissing Counts 2-9* (ECF No. 95).[1] The motion raised a qualified immunity defense. (*Id.* at 6.) Instead of responding to the motion, Plaintiff filed a *Rule 56(d) Motion for Dismissal of Summary Judgement Without Prejudice* (ECF No. 105), and a *Rule 36(a)6 and 37(a) Motion to Compel* (ECF No. 120).

In the Rule 56(d) motion, Plaintiff asserted, among other things, that the RRPD Defendants' summary judgment motion was premature because discovery was ongoing, he had 173 outstanding discovery requests, and he could not adequately respond to the motion until the completion of discovery. (*See* Pl.'s Rule 56(d) Mot. 1-4, ECF No. 105.) In support of his motion, Plaintiff attached a Declaration in which he stated that he cannot present the facts because of "RRPD's noncooperation in discovery" and the "173 overdue discovery requests, and many more vaguely answered discovery requests." (Pl.'s Decl. ¶ 2, ECF No. 105 at 6 of 8.) He further argued that the "facts in the amended complaint, along with the outstanding discovery requests, if

---

[1] In this Memorandum Opinion and Order, the Court will refer to all the remaining defendants in the case (Defendants Phillip Gallegos, Nick Army, David Portis, Ben Parker, John Christopher Miles, Jonathan Hickerson, and Marie Posey) collectively as "Defendants." The Court will use "RRPD Defendants" to refer to the smaller subset of Defendants who filed the motion for summary judgment.

answered honestly, will allow Plaintiff to overcome any immunity that [] the RRPD could assert through a summary judgment motion." (*Id.* ¶ 8, ECF No. 105 at 7 of 8.)

Plaintiff, in his motion to compel, contended that Defendants failed to respond properly to 173 discovery requests that pertained "directly to the defendants['] own lapel camera videos and/or reports, which are already filed and lodged with the Court." (Pl.'s Mot. to Compel 2-3, ECF No. 120.) Plaintiff argued that the Defendants failed to admit or deny Plaintiff's RFAs; rather, they said they made "substantially similar statements" and provided a paragraph of context. (*Id.* at 7.) Plaintiff additionally requested the personnel files of all the defendants and other departmental RRPD records. (*Id.* at 8.) Plaintiff alleged bad faith by the Defendants and requested sanctions. (*See id.* at 6, 8-11.)

On May 30, 2024, Judge Robbenhaar entered an *Order Denying Plaintiff's Motion to Compel*, concluding that Plaintiff failed to show the inadequacy of Defendants' discovery responses and that sanctions were not warranted. (Order 17-18, ECF No. 136.) On June 11, 2024, Judge Robbenhaar entered an *Order Denying Plaintiff's Motion Under Rule 56(d)* after finding that Plaintiff did not meet his Rule 56(d) burden to identify facts not available to him that he expected to uncover in discovery, why such facts could not be presented at the time, the steps he took to obtain the facts, and how additional time would allow him to do so. (Order 3-4, 7, ECF No. 141.) Although Judge Robbenhaar gave Plaintiff 14 days to file a summary judgment response, (*see id.* at 7), Plaintiff instead filed on June 28, 2024, a motion to reconsider the orders on the motion to compel and Rule 56(d) motion. (Pl.'s Mot. to Reconsider, ECF No. 144). Judge Robbenhaar denied the motion to reconsider on August 23, 2024. (Order, ECF No. 158.)

Thirteen days later, on September 5, 2024, Plaintiff filed a Notice of Appeal (ECF No. 159) of the August 23, 2024, Order. The Tenth Circuit determined that it lacked jurisdiction to consider

the appeal because Plaintiff attempted to appeal an order on a non-dispositive pretrial matter that is not a final appealable order. (Order 2, ECF No. 168.) The Tenth Circuit dismissed the appeal on October 9, 2024. (*Id.*)

On October 15, 2024, Plaintiff filed objections to Judge Robbenhaar's May 30, 2024, and June 11, 2024, Orders (ECF No. 174). (Pl.'s Obj., ECF Nos. 173 & 174.) Plaintiff stated therein that his "objections could be misconstrued as untimely" but that this Court should consider them timely and not waived because the Magistrate Judge's orders failed to include the warning apprising a pro se litigant of his waiver of appeal rights by failing to object to such an order. (Pl.'s Obj. 1, ECF No. 173; Pl.'s Obj. 1, ECF No. 174.) Plaintiff also filed a *Motion to Dismiss Prior RRPD Counsel's Summary Judgement Motion and 12(C) Motion* (ECF No. 172).

Subsequently, Judge Robbenhaar entered *sua sponte* a *Memorandum Opinion and Order Regarding Plaintiff's Unprofessional and Improper Filings* (ECF No. 185). Therein, Judge Robbenhaar set forth the procedural history of this case that caused him concern, including Plaintiff's "abusive and disrespectful tone," (*id.* at 6), "dilatory tactics," (*id.*), and filing "frivolous motions or objections," (*id.* at 8). Judge Robbenhaar imposed no sanctions, but he gave notice that "[s]hould Plaintiff continue to file motions that lack controlling authority or that seek obviously improper relief…, the Court will consider imposing, or recommend that the district judge impose, sanctions which could range from monetary penalties, to filing restrictions, to dismissal of Plaintiff's complaint." (*Id.* at 8-9.) Thirteen days later, Plaintiff filed objections to the Memorandum Opinion and Order. (Pl.'s Obj., ECF No. 187.) Defendants thereafter filed a *Response in Support of Judge Robbenhaar's Memorandum Opinion and Order* (ECF No. 195). Defendants contend that dismissal of Plaintiff's case is proper because Plaintiff refuses to comply

with the Court's orders and continues to demean the Court with abusive rhetoric. (Defs.' Resp. 6, ECF No. 195.)

## OBJECTIONS

### I.  STANDARD OF REVIEW

Regarding documents ECF No. 173 and 174, Plaintiff titled them as "Objections." Plaintiff, however, stated therein that he filed "this 59(e) motion" to try and avoid an appeal. (Pl.'s Obj. 14, ECF No. 173; Pl.'s Obj. 4, ECF No. 174.) Defendants argue that, despite the title Plaintiff uses, Plaintiff is relying on Rule 59(e) in an improper second attempt at a motion for reconsideration of the Court's Order. (*See* Defs.' Resp. 1-2, ECF No. 184.) Despite Plaintiff's passing reference to Rule 59(e), Plaintiff's "Standard of Review" sections rely on case law interpreting Rule 72. (*See* Pl.'s Obj. 1-3, ECF No. 173; Pl.'s Obj. 1-3, ECF No. 174.) The Court construes Plaintiff's filings ECF No. 173, 174, and 187 as objections brought under Rule 72.

Turning then to the standard of review for objections, Rule 72(a) applies to objections to orders on non-dispositive matters. Fed. R. Civ. P. 72(a). A party must file objections within 14 days after being served with a copy. *Id.* "A party may not assign as error a defect in the order not timely objected to." *Id.* The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

### II.  ANALYSIS

#### A. Objections to Order Denying Plaintiff's Motion to Compel (ECF No. 173)

##### 1. An exception to the firm waiver rule applies, so the Court may consider Plaintiff's objections.

Plaintiff argues that his objections may be considered timely. According to Plaintiff, Judge Robbenhaar did not properly inform him of the consequences of failing to object timely to the

5

Order. Defendants respond that the cases to which Plaintiff cites do not apply because they refer to making objections to a recommended decision, as set forth in Rule 72(b).

While the objections here are to non-dispositive orders, the Tenth Circuit recently clarified that the firm waiver rule and exceptions thereto apply when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a). *Sinclair Wyoming Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781-83 (10th Cir. 2021). The failure to make timely and specific objections to the magistrate judge's orders waives appellate review of both factual and legal questions. *Id.* at 781 n.23. The firm waiver rule, however, will not apply (1) when a pro se litigant was not notified of the time period for filing an objection and the consequences of failing to object, (2) when the interests of justice dictate otherwise, or (3) when the party shows plain error. *See Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006). The Tenth Circuit in an unpublished case decided after *Sinclair* held that the firm waiver rule does not bar appellate consideration of an argument where the magistrate judge's order on a non-dispositive matter did not inform the pro se litigant of the time-period for objecting and the consequences of failing to object. *See MTGLQ Investors, LP v. Wellington*, 856 F. App'x 146, 155 (Mar. 31, 2021).

Plaintiff's argument invokes the first exception to the firm waiver rule. Here, the May 30, 2024, Order denying the motion to compel did not notify Plaintiff of the time-period for objecting and the consequences of failing to do so. (*See* Order, ECF No. 136.) The Court thus finds that an exception to the firm waiver rule applies, so the Court may consider the merits of Plaintiff's objections. *Cf. MTGLQ Investors*, 856 F. App'x at 155 (concluding that, because magistrate judge's order denying pro se litigant's motion to amend scheduling order did not inform her of time period for objecting and consequences of failing to object, firm waiver rule did not bar consideration of her argument).

### 2. The Order was not clearly erroneous or contrary to law.

Plaintiff enumerates eleven objections to Judge Robbenhaar's May 30, 2024, Order, all of which he raised virtually verbatim in his motion for reconsideration (*Compare* Pl.'s Obj., ECF No. 173, *with* Pl.'s Mot. to Reconsider 1-16, ECF No. 144.) Defendants argue that Plaintiff fails to point to authority or otherwise justify reconsideration of the Order.

Turning to his first, second, and third objections, Plaintiff asserts that Judge Robbenhaar erred when he failed to consider the cases Plaintiff cited regarding his broad right to discovery and when he did not rule against Defendants' objections to Plaintiff's RFAs. (*See* Pl.'s Obj. 5-8, ECF No. 173.) Plaintiff argues that Defendants' boilerplate objections to Plaintiff's RFAs do not constitute valid objections and that the case upon which they relied, *Gonzales v. Goodyear Tire & Rubber Co.*, does not apply to the issue at hand. According to Plaintiff, Defendants' objections violate Rule 36(a)(5).

Rule 36(a)(4) provides that if a defendant does not admit an answer, he must "deny it or state in detail why the answering party cannot truthfully admit or deny it," and if qualifying only a part of the request, the defendant's "answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Rule 36(a)(5) says that a party must state the grounds for an objection and "must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). Judge Robbenhaar concluded that the one-word "admit" or "deny" answers that Plaintiff sought are not always required and that Rule 36(a)(4) allows for Defendants to qualify their answers in the manner they did.

Having considered the law and Judge Robbenhaar's analysis, the Court finds that his decision was not clearly erroneous or contrary to law. First, Judge Robbenhaar's decision does not conflict with the authority encouraging broad discovery. Requests for admission are not a

discovery device. *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D. W. Va. Dec. 21, 2010); *Gonzales v. Goodyear Tire and Rubber Co.*, No. CIV 05-941 BB/LFG, 2006 WL 8443839, at *2 (D.N.M. Aug. 18, 2006). Rather, the primary function of requests for admission is to narrow the issues for trial. *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988).

Plaintiff argues that Judge Robbenhaar erred in relying on the *Gonzales* case. (Pl.'s Obj. 6, ECF No. 173.) The *Gonzales* case discussed how a qualified response may be necessary, "for example, when the statement, if taken out of context, conveys unwarranted implications." *Gonzales*, 2006 WL 8443839, at *2. Judge Robbenhaar did not err in discussing with approval *Gonzales* for the "proposition that the correct meaning of the statement set forth in the request can only be determined in the context of the full recording of the incident." (Order 11, ECF No. 136.)

Plaintiff further contends that the Magistrate Judge's ruling violated Rule 36(a)(5). According to Plaintiff, the Magistrate Judge erred "by not asking who the RRPD is referring to when they say the statements could be misleading [in] regards to whom," (Pl.'s Obj. 7, ECF No. 173), and by allowing Defendants to raise dozens of objections solely based on the argument that the context of the recorded statements is an issue for trial, (*id.* at 8). Judge Robbenhaar did not clearly err in finding Defendants' RFAs sufficient under Rule 36(a)(4). Nor did his ruling violate Rule 36(a)(5). The Court thus overrules Plaintiff's first, second, and third objections.

Fourth, Plaintiff asserts that Judge Robbenhaar's decision contradicted his earlier rulings in the informal discovery dispute status conference. (Pl.'s Obj. 9, ECF No. 173.) The record does not establish that Judge Robbenhaar issued a formal ruling at the status conference, but even if he did, he may modify or clarify his rulings in subsequent orders. Moreover, following the status conference, Defendants supplemented their RFAs, which Judge Robbenhaar considered when

8

finding the RFAs sufficient. (*See* Order 10-11, ECF No. 136.) The Order denying the motion to compel did not impermissibly contradict any prior rulings. The Court overrules Plaintiff's fourth objection.

In his fifth objection, Plaintiff asserts that 54 of Defendants' supplemental responses are non-answers that violate the federal rules. (Pl.'s Obj. 9, ECF No. 173.) Plaintiff argues that Judge Robbenhaar erred by allowing Defendants to give 54 vague, evasive answers that failed to either admit or deny the statements were made, but instead said they made "substantially similar" or "similar" statements and provided a paragraph of context.[2] Plaintiff contends that qualification is only permitted after the party first definitively specifies the part admitted, and then the party may qualify or deny the rest. He argues that Judge Robbenhaar erred in relying on non-precedential district court cases, rather than "higher court authority." As aforementioned, in addition to district court cases, Judge Robbenhaar relied on Rule 36(a)(4), which allows for answers to be qualified in good faith. Plaintiff has not provided on-point authority to show that permitting the qualified answers, as given here, was contrary to law. The Court thus funds that Judge Robbenhaar did not clearly err in allowing the "substantially similar" or "similar" contextual answers. The fifth objection is overruled.

Sixth, Plaintiff contends that Judge Robbenhaar "erred by allowing RRPD to not share the burdens of discovery obligations." (Pl.'s Obj. 12, ECF No. 173.) According to Plaintiff, the Magistrate Judge unfairly burdened Plaintiff to show why Defendants' 173 objections were not permissible under the federal rules. When ruling on Plaintiff's motion to compel, Judge

---

[2] As an example, in RFA 11 for Defendant Portis, Plaintiff asked: "Did Army tell you, "**Well the consensus is that we don't see enough to enforce the safety plan, and remove this child from dad's custody.**" on 6/21/22 at about 8:08pm?" (Supp. Ex. List, ECF No. 121-3 at 39 of 76). The supplemental response states: "Defendant Portis admits that Officer Army made a similar statement, in the context of a conversation between Officers Gallegos, Army, and Portis discussing whether Plaintiff had custody of N.L. at the time." (*Id.* at 40 of 76.)

9

Robbenhaar considered Rules 36 and 37 and placed the burden on the party moving to compel discovery, in this case Plaintiff, to show that the opposing party's answers are incomplete. (Order 2-3, ECF No. 136.) That standard follows Tenth Circuit law. *See Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976) ("Appellees alleged the answer to be incomplete, F.R.Civ.P. 37(a)(3). We believe appellees had the burden of proving the answer to their interrogatory was indeed incomplete."). Furthermore, contrary to Plaintiff's assertion, Judge Robbenhaar has not "continuously burdened only the Plaintiff through" the discovery process. (Pl.'s Obj. 12, ECF No. 173.) For example, Judge Robbenhaar's discussion at the informal discovery status conference prompted Defendants to supplement many of their answers. The Court overrules Plaintiff's sixth objection.

In his seventh objection, Plaintiff contends the Magistrate Judge erred "by attempting to label the RRPD's statement on their videos as 'discrete.'" (Pl.'s Obj. 14, ECF No. 173.)[3] Plaintiff objects to the use of "discrete" because the "videos are public knowledge" and labeling them "as discrete is contrary to the public nature of the statements;" the magistrate judge is not permitted to determine the weight of any evidence; and Defendants "enjoy no privilege to the statements as private." (Pl.'s Obj. 14, ECF No. 173.) Judge Robbenhaar committed no error in using the term "discrete," referring to individually separate and distinct statements that Plaintiff used in each RFA. This objection is overruled.

Eighth, Plaintiff asserts that the magistrate judge erred by not recognizing the bad faith conduct of Defendants. (*Id.* at 14-16.) For the reasons given herein, Judge Robbenhaar did not

---

[3] In Judge Robbenhaar's Order, he stated: "Here, Plaintiff may be dissatisfied with Defendants' responses which at times qualify and explain *a discrete statement*, but the Court is not willing to conclude that a Defendant's inability or unwillingness to confine their responses to an 'admit or deny' binary paradigm means that the Defendant's discovery responses are somehow deficient or otherwise violative of the rules." (Order 11, ECF No. 136 (italics added).)

clearly err in concluding that Plaintiff failed to show the inadequacy of Defendants' discovery responses and in denying Plaintiff's requests for sanctions. Plaintiff's eighth objection is overruled.

Plaintiff's ninth objection is that Defendants' 173 discovery responses were not timely provided. Plaintiff contends that the 54 RFAs remain unanswered and untimely, and the magistrate judge has no authority to extend the 30-day deadline for discovery under the federal rules. According to Rule 26(e), a party must supplement or correct responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1). Plaintiff served his initial requests for admission between January 23 and 28, 2024. (*See* Pl.'s Certificates of Serv., ECF Nos. 68-73.) Defendants served responses and answers between February 22-27, 2024. (*See* Defs.' Certificates of Serv., ECF Nos. 84-87.) After Judge Robbenhaar held the March 8, 2024, informal discovery dispute status conference, Plaintiff served supplemental discovery requests for admission on Defendants between March 18 and 19, 2024, (*see* Pl.'s Certificates of Serv., ECF No. 98-104), to which Defendants served supplemental responses between April 11 and 25, 2024, (*see* Defs.' Certificates of Serv., ECF Nos. 107-09, 115-18.) Judge Robbenhaar concluded that Defendants timely supplemented their answers because the Court never ordered supplementation by a certain date and the supplementation occurred in a timely manner. (*See* Order 2 & n.1, ECF No. 136.) Alternatively, he found Plaintiff suffered no prejudice even if the responses were untimely. (*Id.* at n.1.) Having examined the record, the Court finds that Judge Robbenhaar did not clearly err in so finding. Plaintiff's ninth objection is overruled.

Turning to Plaintiff's tenth objection, Plaintiff "concedes the Magistrate's ruling that Plaintiff did not meet his burden in establishing reasons for the challenging of the Interrogatories and RFPs." (Pl.'s Obj. 17, ECF No. 173.) He nonetheless asserts that Judge Robbenhaar erred in

11

resolving his RFA challenges and encouraging Defendants to act in bad faith in discovery. (*Id.* at 16-18.) Plaintiff's arguments supporting his tenth objection mirror his prior objections regarding the alleged deficiencies in the purported 54 non-answered RFAs. (*Id.*) For the same reasons given above, the Court overrules this objection.

Finally, in his eleventh objection, Plaintiff asserts that the Order "is prejudicial to Plaintiff in regards to his ability to adequately respond to the RRPD's motion for summary judgment." (*Id.* at 18.) Plaintiff's RFAs are based on video evidence already in his possession, so the Order does not prevent Plaintiff from responding to the motion for summary judgment. The Court overrules Plaintiff's eleventh and final objection.

### B. Objections to Order Denying Plaintiff's Rule 56(d) Motion (ECF No. 174)

#### 1. An exception to the firm waiver rule applies, so the Court may consider Plaintiff's objections.

Plaintiff likewise argues that his objections to Judge Robbenhaar's June 11, 2024, Order are "timely, or unwaived, in the interests of justice," because Judge Robbenhaar did not include information in his Order apprising Plaintiff of the consequences of failing to object timely to the order. (Pl.'s Obj. 1, ECF No. 174.) Indeed, the June 11, 2024, Order did not include the time-period for objecting and the consequences of failing to do so. (*See* Order, ECF No. 141.) For the reasons given *supra*, the Court construes Plaintiff's objections as brought under Rule 72(a) and finds that the first exception to the firm waiver rule applies. *See MTGLQ Investors*, 856 F. App'x at 155. The Court will thus consider the merits of Plaintiff's objections.

#### 2. The Order was not clearly erroneous or contrary to law.

Plaintiff first objects that the June 11, 2024, Order prejudiced Plaintiff's ability to respond to the RRPD Defendants' motion for summary judgment. He contends that the Order denies his ability to use the 54 RFAs to overcome the pending summary judgment motion. Judge Robbenhaar

12

did not clearly err in denying Plaintiff's motion to compel. Nor did the denial interfere with his ability to respond to the summary judgment motion. Plaintiff's first objection is overruled.

In his second, third, and fifth objections, Plaintiff argues that Judge Robbenhaar erred in not granting his Rule 56(d) motion and in not adhering to the authority holding that Rule 56(d) affidavits should be treated liberally. According to Plaintiff, his Declaration was sufficient under the rules, especially given that he is not an attorney.

Rule 56(d) affidavits should be treated liberally "unless dilatory or lacking in merit." *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990) (quoting *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir.1984)). Plaintiff has the burden to show the facts not available to him, why the facts could not be presented, what steps he took to obtain the facts, and how additional time will enable him to obtain those facts. *Valley Forge Ins. Co. v. Health Care Management Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). When a summary judgment motion is based on qualified immunity, the Rule 56(d) affidavit must also show a connection between the information he seeks in discovery and the validity of the defendant's qualified immunity assertion. *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016). Plaintiff submitted his *Declaration for Rule 56(d) Motion*, but Judge Robbenhaar found that the Declaration did not set forth the required elements. The Court agrees. While Plaintiff noted 173 discovery requests he sought to be fulfilled before responding to the motion for summary judgment, he did not identify the facts underlying those requests that were not available to him that would preclude summary judgment, why he could not present those facts currently, what he has done to try to obtain the underlying facts, and how additional time would help him uncover those facts. Plaintiff's pro se status does not exempt him from Rule 56(d)'s requirements. *See Mohn v. Progressive Ins.*, 802 F. App'x 391, 396 (10th Cir. Feb. 10, 2020) (stating that a plaintiff's pro se status does not excuse his

13

failure to comply with the requirements of Rule 56(d)). The Magistrate Judge's denial of Plaintiff's Rule 56(d) motion is not clearly erroneous or contrary to law.

In his fourth and fifth objections, Plaintiff asserts that the Magistrate Judge erred in denying Plaintiff's motion to compel and Rule 56(d) motion, given that Defendants were withholding "the Safehouse videos" and refusing to answer 173 of Plaintiff's discovery requests. (Pl.'s Obj. 6-7, ECF No. 174.) According to Plaintiff, he received the Safehouse videos on October 4, 2024, and his review of them revealed that Defendants "mischaracterized those videos in bad faith to try to get the case dismissed by committing a Brady violation." (*Id.*) Plaintiff asks that the Rule 12(c) and summary judgment motions be dismissed so that defense counsel "can file new motions that are not tainted by the Brady violations, among other reasons." (*Id.* at 7.)

Plaintiff's Rule 56(d) Declaration did not specifically identify the Safehouse videos and what facts he expected the videos to contain that would preclude summary judgment or qualified immunity. Judge Robbenhaar thus did not clearly err in denying the Rule 56(d) motion despite that Plaintiff did not at that time have the Safehouse videos. Plaintiff's request to dismiss the RRPD Defendants' motions based on Brady violations and requiring Defendants to file amended motions is without merit and will be denied. Furthermore, Plaintiff now has the Safehouse videos, and the Court will give him 14 days to file his response to the summary judgment motion, so he will have the benefit of that discovery when responding to the Rule 56 motion. The Court overrules Plaintiff's fourth and fifth objections.

### C. Objections to Memorandum Opinion and Order Regarding Plaintiff's Unprofessional and Improper filings (ECF No. 187)

The Court has inherent power to impose sanctions against a party for conduct that abuses the judicial system. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Judge Robbenhaar's Memorandum Opinion and Order gave Plaintiff notice of the law regarding imposition of sanctions

and was a warning for "Plaintiff to carefully consider his filings and to conduct himself with the appropriate decorum and respect to both the Court and counsel." (Mem. Op. and Order 7, ECF No. 185.) Judge Robbenhaar's warning was appropriate based on the record. For example, in his Objections to the PFRD, Plaintiff improperly impugns Magistrate Judge Robbenhaar's integrity by, among other things, accusing him of discriminating against Plaintiff as a *pro se* litigant, applying "overbearing standards," deceptively "cherry picking" and mischaracterizing facts from Plaintiff's Amended Complaint, applying an "invented narrative," rewriting the complaint as conclusory allegations, using "fake citations," and characterizing the PFRD as a "complete work of fiction" paving an "erroneous path of delusion." (Pl.'s Obj. 1, 4-8, 13, ECF No. 175.) Plaintiff's disrespectful invective would be unacceptable from a lawyer before this Court and is likewise unacceptable from Plaintiff. Judge Robbenhaar did not clearly err in offering the warning he did in the Memorandum Opinion and Order. Plaintiff's objections are therefore overruled.

This Court will likewise offer its own notice of caution regarding sanctions. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). With that in mind, the Court considers Plaintiff's briefing with a fair measure of tolerance. But, having chosen to represent himself, Plaintiff is nonetheless held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the Bar. *See Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir.1992). According to District of New Mexico Local Rule 83.9, lawyers before this Court must follow the Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico and comply with "A Creed of Professionalism of the New Mexico Bench and Bar." D.N.M. Local R. of Civ. Proc. 83.9. According to the Creed, lawyers will be respectful toward the court. *See Creed of Professionalism*, STATE BAR OF NEW MEXICO,

15

```
```
Case 1:23-cv-00372-JCH-JFR   Document 196   Filed 01/30/25   Page 16 of 17

https://www.sbnm.org/Leadership/Supreme-Court-Committees-and-Commissions/Commission-on-Professionalism/Creed-of-Professionalism. The Court directs Plaintiff to familiarize himself with the rules of professional conduct and to comply therewith in future filings and proceedings. As for Defendants' request for dismissal as a sanction, based on the current record, the Court will deny the request at this time. Plaintiff, however, is warned that his continued failure to adhere to the rules of professional conduct could result in sanctions.

### MOTION TO DISMISS PRIOR RRPD COUNSEL'S SUMMARY JUDGMENT MOTION AND 12(C) MOTION

Plaintiff requests in a separate motion to dismiss the RRPD Defendants' motion for summary judgment and Defendants' Rule 12(C) motion because they were filed by Defendants' prior attorney, who has since withdrawn from the case. Plaintiff argues that the arguments in the motions are now moot, and consideration of the motions is somehow "violative of personal jurisdiction." (Pl.'s Mot. 1, ECF No. 172.) This argument is frivolous and without merit. Plaintiff additionally asserts the Court should dismiss the motions because they were filed while 173 discovery requests were outstanding and the RRPD Defendants withheld the Safehouse videos for seven months. For the reasons discussed above, Plaintiff has not shown cause to strike the RRPD Defendants' motion for summary judgment. Nor has Plaintiff shown how any facts sought in discovery would affect the briefing on the Rule 12(c) motion. Finally, Plaintiff contends that Defendants' affirmative defenses violate Rule 8, compelling dismissal of their motion for summary judgment and Rule 12(c) motion. The Court disagrees. Accordingly, the Court denies Plaintiff's motion to dismiss Defendants' motions.

Defendants assert that, to the extent the motion asks the Court to dismiss the motion for summary judgment, Plaintiff's motion constitutes a response in opposition to the motion for summary judgment. (Defs.' Resp. 3, ECF No. 182.) The Court declines to construe Plaintiff's

motion as a response. Plaintiff has consistently argued that he should not have to file a response until he receives full discovery. This Court has now confirmed that Judge Robbenhaar did not err in finding Defendants' discovery responses sufficient and that Plaintiff is not entitled to his requested Rule 56(d) discovery before he must respond to the summary judgment motion. Accordingly, the Court will give Plaintiff 14 days to file a response to Defendants' Motion for Summary Judgment (ECF No. 95).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff Jarrod Lowrey's *Motion to Dismiss Prior RRPD Counsel's Summary Judgment Motion and 12(C) Motion* (**ECF No. 172**) is **DENIED**.

2. Plaintiff's *Objections to Order Denying Plaintiff's Motion to Compel* (**ECF No. 173**) are **OVERRULED**.

3. Plaintiff's *Objections to Order Denying Plaintiff's Rule 56(d) Motion* (**ECF No. 174**) are **OVERRULED** and his requests for relief are **DENIED**.

4. Plaintiff's *Objections to Magistrates Memorandum Opinion and Order Regarding Plaintiff's Unprofessional and Improper Filings* (**ECF No. 187**) are **OVERRULED**.

5. The Court will grant Plaintiff an additional **14 days from the date of entry of this Order to respond** to the RRPD Defendants' Motion for Summary Judgment (ECF No. 95). The Court will not permit additional extensions of time to respond.

_____
SENIOR UNITED STATES DISTRICT JUDGE