IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

        **Plaintiff,**

        vs.                                                    Civ. No. 23-372 JCH/JFR

DAVID PORTIS, et al.,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Jarrod Lowrey's *Objections to the Court's Order Overruling Objections and Denying Motion to Dismiss Prior RRPD Counsel's Summary Jud[g]ment and 12(c) Motions* (ECF No. 199) and *Objections to Memorandum Opinion and Order* (ECF No. 200). On January 30, 2025, this Court entered two Memorandum Opinions and Orders. In the first, the Court denied Plaintiff's *Motion to Dismiss Prior RRPD Counsel's Summary Judgment Motion and 12(c) Motion* (ECF No. 172) and overruled his three separate objections (ECF Nos. 173, 174, and 187) to the Honorable John F. Robbenhaar's Orders denying Plaintiff's motion to compel (ECF No. 136), denying Plaintiff's Rule 56(d) motion (ECF No. 141), and warning Plaintiff regarding unprofessional and improper filings (ECF No. 185). (*See* Mem. Op. and Order 17, ECF No. 196). The same day the Court entered a separate Memorandum Opinion and Order adopting in part and modifying in part Magistrate Judge Robbenhaar's *Proposed Findings and Recommended Disposition* ("PFRD"), concurring fully in the recommended dismissal of Counts 1 and 10-14, and granting Defendants' motion to dismiss Counts 1, and 10 through 14. (Mem. Op. and Order 22, ECF No. 197.) Plaintiff, who is proceeding pro se, objects under Federal Rule of Civil Procedure 46 to these two Memorandum Opinions and Orders.

Plaintiff argues that the Orders are in "direct contradiction to the Higher Court case laws provided to this Court by Plaintiff through his pleadings" and are "therefore erroneous." (Pl.'s Obj. 1, ECF Nos. 199 and 200.) He says that these "objections preserve Plaintiff's arguments for appeal, if necessary," (*id.*), and "require reversal by this Court as well," (Pl.'s Obj. 1, ECF No. 200).

Defendants Phillip Gallegos, Nick Army, David Portis, Ben Parker, John Christopher Miles, Jonathan Hickerson, and Marie Posey of the Rio Rancho Police Department (the "RRPD Defendants") filed responses to the objections. (*See* Defs.' Resp., ECF No. 201 and 202.) The RRPD Defendants argue that Plaintiff's reliance on Rule 46 is improper because it applies to objections in a trial setting. (Defs.' Resp. 1-2, ECF No. 201 and 202.) They contend that Plaintiff is seeking a second bite of the proverbial apple in filing objections that are duplicative of those overruled by the Court in its Memorandum Opinions and Order and should be denied as frivolous and without merit. (*See* Defs.' Resp. 2-4, ECF No. 201; Defs.' Resp. 2, ECF No. 202.) The RRPD Defendants further assert that these objections are more appropriately viewed through the lens of Rule 72(a) and are untimely filed and should be deemed waived. (*Id.*) To the extent Plaintiff's Objections ask the Court to reverse its order under Rule 59(e), the RRPD Defendants argue that Plaintiff failed to show that the Court abused its discretion. (Defs.' Resp. 4, ECF No. 202.)

Having considered Plaintiff's Objections, the RRPD Defendants' responses, the record, and the applicable law, the Court construes the Objections as motions to reconsider and will deny them. Plaintiff failed to show an intervening change in controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice that would warrant changing the Court's prior Memorandum Opinions and Orders.

**I.     STANDARD OF REVIEW**

Rule 46 provides:

2

> A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

Fed. R. Civ. P. 46. Prior to the enactment of Rule 46, to preserve an issue for appeal, counsel had to not only object to the matter, but also except to the ruling of the court during trial. *See Sucher Packing Co. v. Manufacturers Cas. Ins. Co.*, 245 F.2d 513, 519 (6th Cir. 1957). Rule 46 discontinued the practice of requiring counsel to except to a ruling; the objection was enough to preserve the issue for appeal. *See id.* Rule 46 thus foregoes the necessity of multiple objections to preserve issues for appeal. Rule 46 does not apply here.

Turning to Rule 72(a), it permits objections to orders issued by a magistrate judge on non-dispositive matters after referral of the matter by the presiding district judge. Fed. R. Civ. P. 72(a). A party has 14 days to file objections to the magistrate judge's order on non-dispositive matters, and then the district judge rules on timely objections and may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* With respect to recommended decisions entered by a magistrate judge on dispositive matters referred to him or her by the district judge, a party also has 14 days to file objections thereto. Fed. R. Civ. P. 72(b). The district judge must then determine on de novo review whether to accept, reject, or modify the recommended disposition, allow for further evidentiary development of the record, or return the matter to the magistrate judge. Fed. R. Civ. P. 72(b)(3).

Plaintiff's Objections at issue here are to the Memorandum Opinions and Orders issued by the undersigned district judge in the case. Rules 72(a) and 72(b) do not apply to or allow for objections to the district judge's rulings.

Instead, the Court considers Plaintiff's Objections, to the extent he argues for "reversal by this Court", to be motions to reconsider. Technically, the Federal Rules of Civil Procedure do not recognize a motion to reconsider. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Rule 54(b), however, grants a district court the discretion to revise its interlocutory orders at any time prior to entry of a final judgment. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). A motion to reconsider is generally only warranted in the event of (1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## II.   ANALYSIS

The bulk of Mr. Lowrey's Objections repeats or rehashes arguments he already made. Mr. Lowrey does not argue that there has been an intervening change in controlling law. Nor does he argue that there is new evidence that was previously unavailable at the time this Court entered its Memorandum Opinions and Orders. Rather, Plaintiff contends that the Objections were filed "to correct the gross injustice" caused by the Court's Orders. (Pl.'s Obj. 1, ECF No. 199 & 200.) Accordingly, the Court construes the Objections as asserting that the Court should reconsider its Orders based on the third ground for granting motions to reconsider – the need to correct clear error or prevent manifest injustice.

**A. The Court will deny Plaintiff's *Objections to the Court's Order Overruling Objections and Denying Motion to Dismiss Prior RRPD Counsel's Summary Jud[g]ment and 12(c) Motions* (ECF No. 199).**

**1. The Court has not discriminated against Plaintiff as a pro se party and will not recuse.**

First, Plaintiff argues that the Court has engaged in intentional acts of pro se discrimination by, among other things, refusing to read his pro se complaint and pleadings with any degree of liberality, cherry-picking from among Plaintiff's facts and arguments, misconstruing the facts in the complaint, appearing to only consider arguments from defense counsel, sua sponte constructing arguments that benefit the RRPD Defendants, failing to apply the appropriate standards of review, failing to consider the merits of Plaintiff's complaint and cited cases, colluding with Defendants' attorneys to dismiss the case, and misapplying irrelevant case law. The Court has not colluded with defense counsel and has not discriminated against Plaintiff as a pro se party.[1] Nor has the Court failed to apply the applicable standards of review pertaining to pro se parties. Plaintiff has thus failed to show manifest injustice warranting reconsideration of the Court's prior Memorandum Opinion and Order.

Plaintiff also argues that the Court has denied his right to petition the Court for redress of the abrogation of his civil rights. In its Memorandum Opinion and Order, this Court issued Plaintiff a notice of caution that sanctions could be imposed for violations of the rules, including the rule that lawyers should be respectful toward the Court. (Mem. Op. and Order 15-16, ECF No. 196.) According to Plaintiff, he has a right to criticize the Court that is protected by the First Amendment.

---

[1] Plaintiff states that he has three civil cases in federal district court and asserts that he has been systematically discriminated against in each of the three cases. (Pl.'s Obj. 4, ECF No. 199.) As the Honorable Kea W. Riggs explained in rejecting a similar allegation of collusion, discrimination, and bias, "discontent with results does not equate to reversible error (or more sinisterly, imply discrimination against *pro se* litigants)." *Lowrey v. Collela*, No. 1:24cv00225-KWR-LF, Mem. Op. and Order Denying Plaintiff's Mot. to Reconsider 5, ECF No. 67 (D.N.M. Mar. 28, 2025).

Plaintiff has not shown that the Court's warning to follow the rules violated his First Amendment rights. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law."); *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071 (1991) ("It is unquestionable that in the courtroom itself, during a judicial proceeding, whatever right to 'free speech' an attorney has is extremely circumscribed."). Notably, this Court has not, to date, imposed any sanctions on Mr. Lowrey.

Plaintiff additionally asks the undersigned judge to recuse if she cannot act as a neutral advisor. (Pl.'s Obj. 4, ECF Nos. 199 & 200.) Plaintiff, as the moving party, has a substantial burden to establish that the judge is not impartial. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). A judge has a duty to disqualify herself in any proceeding where her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge, however, has an obligation not to recuse when there is no cause for her to do so. *See Hinman*, 831 F.2d at 939. Plaintiff has not shown that the undersigned judge is biased or that her impartiality might reasonably be questioned. The undersigned judge will thus not recuse herself from this case.

### 2. The Court did not clearly err in overruling Plaintiff's eleven objections to the denial of his motion to compel.

Mr. Lowrey asserts that the Court erred in overruling each of his 11 objections to the Order denying his motion to compel. In these newest Objections, Plaintiff largely repeats the same arguments from his earlier objections. Having reviewed those arguments yet again, the Court concludes that Mr. Lowrey fails to present a rationale for reconsideration save for his disagreement with this Court's decision. He has not shown that that this Court misapprehended the facts, his position, or the controlling law, or that the Court committed clear error in its prior decision.

The Court will discuss one point in further detail. This Court cited district court case law for the proposition that requests for admission are not a discovery device. (*See* Mem. Op. and Order 7-8, ECF No. 196.) Plaintiff relies on an unpublished district court case taking the contrary perspective – that Rule 36 requests to admit are a discovery tool. (*See* Pl.'s Obj. 6-7, ECF No. 199 (quoting *Braun v. Village of Palantine*, Case No. 18 C 4850, 2020 WL 1888914, at *1 (N.D. Ill. Apr. 16, 2020).) The district court in *Braun* relied in part on dicta from *Federal Maritime Com'n v. South Carolina State Ports Authority*, 535 U.S. 743, 758 (2002). *See Braun*, 2020 WL 1888914 at *1. In *Federal Maritime*, the Supreme Court listed requests for admission among the types of discovery allowed for in federal civil litigation, but this statement was not the holding. *See Federal Maritime*, 535 U.S. at 758. District courts are split on this issue. The Court is thus not convinced it clearly erred in its statement that requests for admission are not discovery devices, but rather are tools to narrow trial issues. Nevertheless, this Court's analysis was not dependent on whether requests for admission are deemed discovery tools. The Court's conclusion was based on the language of Rule 36 and the case law allowing for qualification when necessary to avoid unfair inferences. Plaintiff has not demonstrated that this Court committed clear error in its decision to overrule his objections.

Accordingly, the Court will deny Plaintiff's request to reconsider this Court's Order overruling Plaintiff's objections to the Order denying his motion to compel.

### 3. The Court did not clearly err in overruling Plaintiff's objections to the denial of his Rule 56(d) motion.

Plaintiff next contends that the Court erred in overruling his objections to the Order denying his Rule 56(d) motion. Once again, Plaintiff makes the same arguments from his earlier objections and has not demonstrated an intervening change in controlling law, new evidence

previously unavailable, or the need to correct clear error or prevent manifest injustice. The Court thus will deny Plaintiff's request to reconsider this portion of the Court's Order.

### 4. The Court did not clearly err in overruling Plaintiff's objections to the *Memorandum Opinion and Order Regarding Plaintiff's Unprofessional Improper Filings*.

Judge Robbenhaar entered sua sponte a *Memorandum Opinion and Order Regarding Plaintiff's Unprofessional and Improper Filings* (ECF No. 185). Therein, Judge Robbenhaar set forth the procedural history of this case that caused him concern, including Plaintiff's "abusive and disrespectful tone," (*id.* at 6), "dilatory tactics," (*id.*), and filing "frivolous motions or objections," (*id.* at 8). Judge Robbenhaar imposed no sanctions, but he gave notice that "[s]hould Plaintiff continue to file motions that lack controlling authority or that seek obviously improper relief…, the Court will consider imposing, or recommend that the district judge impose, sanctions which could range from monetary penalties, to filing restrictions, to dismissal of Plaintiff's complaint." (*Id.* at 8-9.) This Court overruled Plaintiff's objections to that Memorandum Opinion and Order. (Mem. Op. and Order 15, ECF No. 196.) "Plaintiff again objects to this Court's continued false narrative that Plaintiff has committed unprofessional and improper filings," and he argues that he has a constitutional right to criticize this Court, which has been chilled by this Court. (Pl.'s Obj. 33, ECF No. 199.) Plaintiff offers no new arguments and evidence, and the Court finds no need to correct clear error or prevent manifest injustice. The Court therefore denies Plaintiff's request to reconsider its prior decision.

### 5. The Court will not reconsider its denial of Plaintiff's *Motion to Dismiss Prior RRPD Counsel's Summary Judgment Motion and 12(C) Motion.*

Plaintiff filed a *Motion to Dismiss Prior RRPD Counsel's Summary Judgment Motion and 12(c) Motion* (ECF No. 172), which this Court denied after concluding there was no merit to Plaintiff's arguments. (Mem. Op. and Order 16, ECF No. 196.) Mr. Lowrey contends that he

8

should never have had to respond to the dispositive motions before discovery concluded and that this Court's decision will be reversed on appeal. The Court finds no cause to reconsider its decision, and to the extent Plaintiff is seeking reversal by this Court, that request is denied.

### B. The Court will deny Plaintiff's *Objections to Memorandum Opinion and Order* (ECF No. 200).

#### 1. The Court has not discriminated against Plaintiff as a pro se party.

In his *Objections to Memorandum Opinion and Order* (ECF No. 200), Plaintiff once more argues that the Court has engaged in intentional acts of pro se discrimination, violated his right to petition for redress, and failed to act as a neutral adviser. (Pl.'s Obj. 1-4, ECF No. 200.) For the same reasons given *supra*, the Court finds these arguments to be without merit.

#### 2. The Court applied the proper standard of review.

Next, Plaintiff contends that the Court failed to apply liberal treatment to Plaintiff's complaint, and instead used a higher standard to review his complaint. (Pl.'s Obj. 7-8, ECF No. 200.) The Court did not subject Plaintiff to a higher standard of review, but rather recognized the liberal pleading standard afforded to pro se litigants. (*See, e.g.,* Mem. Op. and Order 11, ECF No. 197.) Plaintiff has not shown the Court clearly erred.

#### 3. The Court did not err in failing to find that the RRPD Defendants' qualified immunity defense violated Rule 8.

Mr. Lowrey additionally argues that the RRPD Defendants raised a bare boned qualified immunity defense in its Answer. According to Plaintiff, the "Court erred by ignoring Plaintiff's raising of such a bare boned affirmative defense in it[]s answer, and then allowing that bare boned defense to be sprung upon the Plaintiff," who was also dealing with numerous discovery objections and other motions. (Pl.'s Obj. 8-9, ECF No. 200.) This argument is wholly without merit. The RRPD Defendants raised the qualified immunity defense in their Answer. (Answer 9, ¶ 2, ECF

No. 46 ("The RRPD Defendants have qualified immunity to the claims asserted in the Amended Complaint.").) Federal Rule of Civil Procedure 8(c)(1), which applies to affirmative defenses, only requires that the party "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). The RRPD Defendants satisfied Rule 8 in affirmatively stating their qualified immunity defense in their Answer, and the Court did not err in refusing to dismiss the Rule 12(c) motion.

> **4. The Court did not err in concluding that no exception to the firm waiver rule applied and that Judge Robbenhaar did not commit plain error in using his discretion to only consider the contents of the complaint in ruling on the motion to dismiss.**

Plaintiff also asserts that the Court erred in concluding that Plaintiff waived his objections to the PFRD. According to Mr. Lowrey, the Court erred in failing to consider that Plaintiff had filed an *en banc* appeal to the Tenth Circuit, which was not rejected until November 1, 2024. (Pl.'s Obj. 9, ECF No. 200.) He argues that the Court should have tolled the time to file his objections until November 1, 2024, and thus his October 18, 2024, objections were timely filed. (*See id.*) The Court disagrees. On October 9, 2024, when the Tenth Circuit dismissed Plaintiff's appeal sua sponte, the Tenth Circuit spoke in no uncertain terms that it lacked jurisdiction over the appeal and the case remained ongoing in the district court. (Order, ECF No. 168.) Plaintiff argues that he was under the assumption that his appeal tolled the time for objections, but the Tenth Circuit's dismissal gave notice that he was mistaken in believing that his appeal divested this Court of jurisdiction. That Plaintiff filed a frivolous request for *en banc* review does not change the Court's analysis. The force and plausibility of his explanation for his failure to file timely objections does not warrant application of the exception to the firm waiver rule. Consequently, the Court did not clearly err in concluding that Plaintiff "has not shown that his efforts to comply or his reasons for failing to timely file his objections weigh in favor of applying the exception to the firm waiver rule." (Mem. Op. and Order 7, ECF No. 197.)

Plaintiff further contends that this Court was wrong in concluding that Magistrate Judge Robbenhaar did not err in considering only the contents of the Amended Complaint, and not the evidence Plaintiff referred to in the complaint. Relying on *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017), this Court explained that the decision whether to consider evidence outside the pleadings is discretionary and Judge Robbenhaar did not err in declining to consider evidence outside the Amended Complaint. (Mem. Op. and Order 9, ECF No. 197.) According to Plaintiff, when evaluating a motion to dismiss under Rule 12(c), the Court has "a non-discretionary obligation to consider the incorporated documents to the complaint", and thus, the Magistrate Judge erred in not considering the evidence Plaintiff incorporated into his complaint. (Pl.'s Obj. 11, ECF No. 200.)

Mr. Lowrey cites Federal Rule of Civil Procedure 10(c) in support of his argument that the Court must consider as part of the pleadings the evidence he filed as exhibits to the original complaint and referred to in his Amended Complaint. Rule 10(c) states: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The term "written instrument" typically applies only to a legal document defining rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory, note, or share certificate. *See Mundt v. Gadziala*, No. 24-1041, 2024 WL 5087212, at *5 (10th Cir. Dec. 12, 2024) (unpublished); *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015) (quoting Black's Law Dictionary (10th ed. 2014)); *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989) ("The case law demonstrates, however, that the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other writing[s] on which [a party's] action or defense is based. [L]engthy exhibits containing ... evidentiary matter should not be attached to the pleadings.") (internal citations and quotations omitted).

11

Consequently, not all documents or other evidence attached to a complaint must be deemed part of the pleadings. *See Smith*, 794 F.3d at 254; *Rose*, 871 F.2d at n.3 (concluding that affidavit attached to amended complaint was not a "written instrument" under Rule 10(c) and constituted matter outside the pleading). As the Second Circuit explained in declining to treat an affidavit as part of the complaint:

> If such an affidavit could be deemed part of a complaint, then Rule 8(a)'s requirement of a short and plain statement of a claim for which relief could be granted would be eviscerated. The exercise of determining exactly what combination of documents constitutes the complaint and what the complaint plausibly alleges would become a needlessly complicated adventure for both defendants and courts. Even more troubling, adopting Smith's position would severely compromise the ability of defendants and courts to test the legal viability of complaints at the pleading stage, a right that is integral to federal procedure.

*Smith*, 794 F.3d at 255. The exhibits Mr. Lowrey referred to – police reports, emails, text messages, standards and procedures manual, affidavits, lapel camera videos – do not constitute written instruments that the Court must deem part of the pleadings under Rule 10(c). *See also* D.N.M. Local Rule 10.4 ("Exhibits are not attached to a pleading unless the documents attached form the basis for the action or defense.").

Moreover, the decision to consider matter attached to the complaint is discretionary, not mandatory. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts *may* consider not only the complaint itself, but also attached exhibits ... and documents incorporated into the complaint by reference….") (emphasis added); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and *may* be considered in a Rule 12(b)(6) dismissal.") (emphasis added).[2] *See also Pennington Seed, Inc. v. Produce*

---

[2] In *Hall*, the Tenth Circuit considered the *Martinez* report that was attached to the defendants' brief in support of their motion to dismiss to be like a written document that has been attached to the plaintiff's complaint when the plaintiff is challenging a prison's policies or established procedures and the *Martinez* report's description of those policies and

12

*Exchange No. 299*, 457 F.3d 1334, 1342 n.4 (Fed. Cir. 2006) (explaining that under Rule 10(c) "materials attached to a complaint *may* be considered as exhibits that are part of the complaint for determining the sufficiency of the pleadings" but a court "is under no obligation to resolve the issues in the complaint through materials outside the pleadings") (italics added) (quoting *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). Consequently, Plaintiff has not shown that this Court erred in concluding that Judge Robbenhaar did not commit plain error in using his discretion to only consider the contents of the amended complaint in ruling on the motion to dismiss.[3]

### 5. The Court did not clearly err in finding that the PFRD did not mischaracterize the allegations of the complaint.

Plaintiff repeats arguments he made in his initial objections that Judge Robbenhaar in his PFRD mischaracterized the allegations of the complaint. In summarizing the factual allegations in the Amended Complaint, Judge Robbenhaar did not misapprehend the facts. The Court did not clearly err in overruling this objection.

### 6. The Court did not commit clear error in its disposition of Plaintiff's equal protection claims.

Mr. Lowrey argues that Judge Robbenhaar erred by raising sua sponte that Plaintiff failed to state a discrimination claim based on sex. According to Plaintiff, his complaint "clearly makes the '*reasonable inference*' that the RRPD Defendant's discriminatory actions were based on the different sexes of the similarly situated Regan and Plaintiff Lowrey." (Pl.'s Obj. 13, ECF No. 200.) Plaintiff argues that the Court erred in failing to liberally construe his pleadings and acknowledge

---

procedures is undisputed. *See Hall*, 935 F.2d at 1112-13. But even where the Tenth Circuit said that a court in certain limited circumstances could consider a *Martinez* report to be part of the pleadings, it used the discretionary term "may" when discussing whether a district court could consider it.

[3] Even if the Magistrate Judge should have considered the documents filed as exhibits to the initial complaint under Rule 10(c), any error would be harmless, not plain error. The contents of those documents do not contain the necessary factual allegations to save Counts 1, and 10-14 from dismissal.

that Plaintiff's complaint pleads facts that could reasonably be inferred to allege gender discrimination. (*Id.* at 13-14.) Plaintiff contends that he "fully intended the complaint to be a gender discrimination claim, however his pro se status can be blamed if he was not crystal clear." (*Id.* at 14.)

As this Court explained in its Memorandum Opinion and Order, Plaintiff's Amended Complaint, even liberally construed, could not be interpreted as alleging an equal protection claim based on gender. (Mem. Op. and Order 18 n.6, ECF No. 197). In Count 1, Mr. Lowrey alleges "preferential treatment to the child's mother over Plaintiff *for no clear reason to do so*." (Am. Compl. ¶ 8, ECF No. 42 (italics added).) In Counts 10-14, he alleges the officers showed a bias against charging Plaintiff's child's mother, (*see id.* ¶¶ 128, 162, 172), and that they treated him unequally and gave J.R. preferential treatment, (*see id.* ¶¶ 171, 227). Nowhere in the Amended Complaint, however, did Plaintiff allege the unequal treatment was because of his gender or sex. Consequently, the Court was not wrong in concluding that Judge Robbenhaar did not plainly err in limiting his analysis to a class-of-one equal protection claim based on the factual and legal assertions contained in the Amended Complaint.

Plaintiff additionally contends that he stated enough facts to allege a class-of-one claim. According to Plaintiff, the Court erred by determining that J.R. and Plaintiff were not similarly situated where they "share a child together and were both being involved in all the allegations at the same time by the very same defendants in each allegation." (Pl.'s Obj. 16, ECF No. 200.) He further argues that the allegations show that he was treated differently without a rational basis to do so. These arguments repeat those he made in his initial objections and are unconvincing. The allegations in the Amended Complaint demonstrate that Mr. Lowrey and J.R. were each making very different types of allegations to the officers against one another. They were not similarly

situated. Nor do the allegations in the Amended Complaint show that the RRPD Defendants lacked a rational basis for treating Plaintiff and J.R. differently.

Plaintiff has therefore not shown that the dismissal of Plaintiff's equal protection claims amounted to a manifest injustice or clear error.

### 7. The Court did not commit clear error in its disposition of Plaintiff's malicious prosecution claims.

In the PFRD, the Magistrate Judge recommended dismissal of Plaintiff's malicious prosecution claim because Plaintiff could not satisfy the first element – that the defendant caused the plaintiff's continued confinement or prosecution. (PFRD 16-17, ECF No. 157.) The Court concurred with this recommendation because Plaintiff had not alleged facts showing that "he suffered arrest, physical confinement, or the initiation of judicial proceedings against him as a result of the investigations, as required for a malicious prosecution claim." (Mem. Op. and Order 15, ECF No. 197.) Plaintiff argues that Defendants Parker and Miles should not be absolved for their behavior merely because the Sandoval DA found their charges to be meritless. (Pl.'s Obj. 17-19, ECF No. 200.) The tort of malicious prosecution, however, is defined by a particular kind of harm that Plaintiff did not allege he suffered. This Court did not clearly err in concurring with the PFRD and dismissing Plaintiff's malicious prosecution claims.

### C. The Court will deny the RRPD Defendants' request to dismiss the case as a sanction.

As a final matter, the RRPD Defendants in their response request dismissal with prejudice of Plaintiff's case as a sanction. According to the RRPD Defendants, in filing the Objections at issue here, Plaintiff disregarded the Court's written warnings against filing frivolous motions and against violating the rules of professional conduct. (*See* Defs.' Resp. 6-9, ECF No 201.)

15

Dismissal with prejudice is a sanction of last resort. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In considering such a sanction, the court should analyze the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (quoting *Ehrenhaus*, 965 F.2d at 921). Dismissal is only proper when the aggravating factors outweigh the strong predisposition to resolve cases on the merits. *Ehrenhaus*, 965 F.2d at 921.

Plaintiff's renewed Objections are 35 pages and 20 pages in length, respectively, and are repetitive and without merit. Nevertheless, the Court finds that the first, second, and fifth factors do not weigh in favor of imposing the extreme sanction of dismissal of the case, given the Court's preference of resolving cases on their merits. The Court will therefore deny the request to dismiss the case as a sanction.

**IT IS THEREFORE ORDERED** that Plaintiff Jarrod Lowrey's *Objections to the Court's Order Overruling Objections and Denying Motion to Dismiss Prior RRPD Counsel's Summary Jud[g]ment and 12(c) Motions* (**ECF No. 199**) and *Objections to Memorandum Opinion and Order* (**ECF No. 200**), which the Court construes as motions to reconsider, are **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE