IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JARROD LOWREY,**

      **Plaintiff,**

vs.                                                             Civ. No. 23-372 JCH/JFR

**DAVID PORTIS, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the *Proposed Findings and Recommended Disposition* ("PFRD") filed by United States Magistrate Judge John F. Robbenhaar on September 25, 2025. PFRD, Dkt. No. 206. As per Federal Rule of Civil Procedure 72(b)(2), objections were due no later than October 14, 2025.[1] Plaintiff Jarod Lowrey filed timely objections on October 14, 2025. *See* Pl.'s Obj., Dkt. No. 207. Defendants David Portis, Phillip Gallegos, and Nick Army (collectively, "Defendants") did not file a response in opposition to the objections and the deadline for doing so has passed. In accordance with Rule 72(b), the Court has conducted a de novo review of the record. After conducting its review and having thoroughly considered the Magistrate Judge's PFRD and the objections, the Court finds no reason either in law or fact to depart from the Magistrate Judge's recommendation to grant Defendants' *Motion for Summary Judgment Dismissing Counts 2-9* (Dkt. No. 95) and to dismiss with prejudice all of Plaintiff's federal claims. Regarding Plaintiff's state law claims, the Magistrate Judge *sua sponte* recommends their

---

[1] Objections were due within fourteen days. *See* PFRD 33, Dkt. No. 206; *accord* Fed. R. Civ. P. 72(b)(2). However, three additional days were added to accommodate service by mail, and accounting for the federal holiday, objections were due October 14, 2025. *See* Fed. R. Civ. P. 6(a), (d).

dismissal without prejudice on various grounds. The Court concurs in the recommendation to dismiss without prejudice all Plaintiff's state law claims but will modify in part the reasons for doing so. The Court declines to exercise supplemental jurisdiction over all remaining state law claims asserted and will dismiss them without prejudice.

## I. BACKGROUND

Defendants filed a *Motion for Summary Judgment Dismissing Counts 2-9* (Dkt. No. 95) on March 20, 2024. Defendants moved for summary judgment on the 42 U.S.C. § 1983 claims asserted against them as well as dismissal of Plaintiff's claim brought under the "Civil Rights Act of 1964 (Title VII)" in Count 2. Defs.' Mot. 1, 10, Dkt. No. 95.

Plaintiff did not respond to the motion for summary judgment. Instead, Plaintiff filed a *Rule 56(d) Motion for Dismissal of Summary Judgement Without Prejudice* (Dkt. No. 105), and a *Rule 36(a)6 and 37(a) Motion to Compel* (Dkt. No. 120). In the Rule 56(d) motion, Plaintiff asserted, among other things, that the summary judgment motion was premature because discovery was ongoing, he had 173 outstanding discovery requests, and he could not adequately respond to the motion until the completion of discovery. *See* Pl.'s Rule 56(d) Mot. 1-4, Dkt. No. 105. Plaintiff asked the Court in the motion to compel to review specified discovery requests for sufficiency and to impose sanctions based on Defendants' alleged failure to respond properly to the 173 discovery requests. Pl.'s Mot. to Compel 2-3, Dkt. No. 120.

On May 30, 2024, Judge Robbenhaar entered an *Order Denying Plaintiff's Motion to Compel*, concluding that Plaintiff failed to show the inadequacy of Defendants' discovery responses and that sanctions were not warranted. Order 17-18, Dkt. No. 136. Judge Robbenhaar subsequently entered an *Order Denying Plaintiff's Motion Under Rule 56(d)* on June 11, 2024, after finding that Plaintiff did not meet his Rule 56(d) burden to identify facts not available to him

2

that he expected to uncover in discovery, why such facts could not be presented at the time, the steps he took to obtain the facts, and how additional time would allow him to do so. Order 3-4, 7, Dkt. No. 141. Although Judge Robbenhaar gave Plaintiff 14 days to file a summary judgment response, *see id.* at 7, Plaintiff instead filed a motion to reconsider the orders on the motion to compel and Rule 56(d) motion, Pl.'s Mot. to Reconsider, Dkt. No. 144. Judge Robbenhaar entered an Order (Dkt. No. 158), denying the motion to reconsider, which Plaintiff appealed to the Tenth Circuit, *see* Notice of Appeal, Dkt. No. 159. The Tenth Circuit dismissed the appeal on October 9, 2024, determining that it lacked jurisdiction because Plaintiff attempted to appeal an order on a non-dispositive pretrial matter. Order 2, Dkt. No. 168.

On October 15, 2024, Defendants filed a notice of completion of briefing on the motion for summary judgment. Notice, Dkt. No. 171. The same day, Plaintiff filed objections to Judge Robbenhaar's May 30, 2024 Order (Dkt. No. 173), objections to his June 11, 2024 Order (Dkt. No. 174), and a *Motion to Dismiss Prior RRPD Counsel's Summary Judgement Motion and 12(C) Motion* (Dkt. No. 172). On January 30, 2025, the undersigned judge overruled the objections and denied the motion to dismiss the motion for summary judgment. Mem. Op. and Order 17, Dkt. No. 196. Once again, the Court allowed Plaintiff 14 days from the date of entry of the Order to respond to the motion for summary judgment, and it warned Plaintiff that no additional extensions of time to respond would be granted. *Id.* On February 14, 2025, Defendant filed a second notice of completion of briefing (Dkt. No. 198).

Four days later, Plaintiff filed objections to this Court's January 30, 2025 Order. Pl.'s Obj., Dkt. No. 199. After construing the objections as a motion to reconsider, the Court denied them on May 7, 2025. Mem. Op. and Order 16, Dkt. No. 203. On June 2, 2025, Judge Robbenhaar entered an *Order to Show Cause*, requiring Plaintiff to respond in writing within ten days explaining why

3

he failed to respond to the summary judgment motion. Order 2, Dkt. No. 204. Fourteen days later, Plaintiff filed a response, repeating his prior arguments and incorporating arguments he set forth in his prior objections (Dkt. No. 199) and his Rule 56(d) motion, including that this Court erred in denying his Rule 56(d) motion and that he cannot by law respond to the summary judgment motion without the full use of discovery. Pl.'s Resp. 1-5, Dkt. No. 205. Plaintiff states his belief that filing a response to the motion for summary judgment is premature and "would only confuse the issues now well preserved on appeal to the higher court." *Id.* at 4. He asserts that the exhibits attached to, and the videos lodged with, his complaint reveal that the motion for summary judgment is meritless, although he failed to cite to any portions of those exhibits or videos. *See id.* at 5.

On September 25, 2025, Judge Robbenhaar entered a PFRD, recommending that the undersigned judge grant the motion for summary judgment as to Plaintiff's federal claims brought under 42 U.S.C. § 1983. PFRD 33, Dkt. No. 206. The PFRD further recommends that the claims brought under the "RRPD Standards and Procedures Manual" and Title VII be dismissed with prejudice and that Plaintiff's claims brought under articles II and III of the New Mexico Constitution and under the New Mexico Human Rights Act ("NMHRA") be dismissed without prejudice. *Id.* Plaintiff timely filed objections (Dkt. No. 207) to the PFRD.

**II.     STANDARD**

Where a party timely objects to the magistrate judge's proposed disposition, the Court must conduct a de novo review of all portions of the recommendation to which the party objected and "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). De novo review requires the district judge to consider the relevant portions of the record, not merely

4

to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). The Tenth Circuit follows a "firm waiver rule" whereby "timely objection to the magistrate judge's recommendation is a condition for appellate review." *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006). The failure to make timely and specific objections to the magistrate judge's PFRD waives appellate review of both factual and legal questions. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059-60 (10th Cir. 1996).

III.     ANALYSIS

        **A. The Court overrules Plaintiff's objections related to discovery and his Rule 56(d) motion.**

In his objections, Plaintiff repeats his arguments that he cannot respond to the motion for summary judgment without additional discovery. As the record outlined above reflects, those issues have been extensively litigated and re-litigated in this case. This Court has already overruled the nearly identical objections. For the reasons given in its prior Memorandum Opinions and Orders, the Court again overrules the objections related to discovery.

        **B. The Court overrules Plaintiff's objections to the facts upon which the PFRD relies.**

In addition, Plaintiff objects to the PFRD relying on facts it says are undisputed. Plaintiff argues that the Court continues to ignore his incorporated videos and exhibits that support his case. *See* Pl.'s Obj. 4, 10, Dkt. No. 207. According to Plaintiff, Judge Robbenhaar falsely claimed the facts in the PFRD were "undisputed" when Plaintiff's amended complaint and its incorporated facts and videos dispute Defendants' facts.

A party opposing a motion for summary judgment "must file a response containing a short, concise statement of the reasons in opposition to the motion with authorities." D. N.M. Local Rule 56.1(b). The response must also "contain a concise statement of the material facts cited by the

5

movant as to which the non-movant contends a genuine issue does exist." *Id.* "Each fact in dispute must be **numbered**, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the **number** of the movant's fact that is disputed." *Id.* "All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted." *Id.* Plaintiff had numerous opportunities to file a response to the motion for summary judgment and to cite to the evidence in the record he believes supports his position in accordance with this District's local rules. He repeatedly declined to do so. Judge Robbenhaar thus followed the Court's procedural rules in deeming the facts set forth in Defendants' motion for summary judgment undisputed when considering the motion for summary judgment. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion."); D.N.M. Local Rule 56.1(b).

Plaintiff also argues that Judge Robbenhaar should have analyzed the facts of the amended complaint and the videos against the Defendants' assertions of fact. The Court, however, is not required to comb the record for previously available evidence to make a party's case for it. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998); *In re Rumsey Land Co., LLC*, 944 F.3d 1259, 1280 (10th Cir. 2019) (explaining that courts do not need to sift through the record to find evidence in support of a party, as it is the party's responsibility to identify it with citations to the record).

Plaintiff also objects to the "known lie" in the PFRD regarding the safety plan. Pl.'s Obj. 10, Dkt. No. 207. The PFRD stated, "The safety plan temporarily granted full custody of N.L. to J.R. whilst CYFD investigated A.R.'s allegations." PFRD 5, Dkt. No. 206. Plaintiff asserts that a CYFD safety plan has no lawful authority unless agreed to by both parties, and that the RRPD

officers were investigating the allegations, not CYFD. *See* Pl.'s Obj. 10-11, Dkt. No. 207. The Court disagrees that Judge Robbenhaar erred in his factual recitation.

As an initial matter, Defendants attached to their summary judgment motion the sworn statements of Officer Phillip Gallegos and Sergeant Portis in which they each stated their understanding that a CYFD safety plan had been presented to Plaintiff on June 16, 2022. Gallegos Statement ¶¶ 7, 10-13, Dkt. No. 95-1; Portis Statement ¶ 13, Dkt. No. 95-4. Officer Gallegos described the safety plan as allowing N.L. to stay with his mother until the safe house interview was conducted. Gallegos Statement ¶¶ 7, 10-13, Dkt. No. 95-1. Sergeant Portis likewise described the safety plan as saying that N.L. was to remain in J.R.'s custody temporarily, due to allegations of sexual abuse made against Plaintiff by J.R.'s minor daughter, a concern that Plaintiff would take N.L. out of state and not return, and an alternative concern that Plaintiff would coach N.L. prior to his interview. Portis Statement ¶ 13, Dkt. No. 95-4. Evidence in the record thus supported the PFRD's description of the safety plan as temporarily granting custody of N.L. to his mother while CYFD investigated her daughter's allegations. PFRD 5, Dkt. No. 206.

Plaintiff argues that the safety plan was not a legitimate state document. Judge Robbenhaar, however, was setting forth what the safety plan said in the factual background statement, not ruling on its legal relevance in that section. He then described how the safety plan was unsigned at the time, the caseworker stated that Plaintiff initially agreed to it verbally, and that the officers were unsure of its enforceability. PFRD 5-6, Dkt. No. 206. He further explained that Defendants over the course of multiple hours conferred with the parents and caseworker, and finally the judge who issued the joint custody order, to determine how to proceed. *See id.* at 6-7. Later in the PFRD, Judge Robbenhaar discussed the legal relevance of the unsigned safety plan when analyzing

7

Plaintiff's claims. *See id.* at 18-24. For all these reasons, the Court overrules Plaintiff's objections concerning the PFRD's recitation of the facts concerning the safety plan.[2]

Next, Plaintiff spends five pages of his objections highlighting evidence from the videos and allegations of his complaint for consideration by the Court regarding the safety plan. *See* Pl.'s Obj. 11-15, Dkt. No. 207. Once again, Plaintiff had the opportunity to cite this evidence in a response to the motion for summary judgment, but he failed to do so. Judge Robbenhaar did not err in failing to comb the video evidence for facts and arguments in support of Plaintiff.

### C. The Court adopts the PFRD's recommendation to grant Defendants' motion for summary judgment and to dismiss all the federal claims in the case.

The Magistrate Judge's PFRD recommends that the motion for summary judgment be granted and that all the federal claims in the case be dismissed. Even with the lack of a response, Judge Robbenhaar carefully considered the facts and arguments set forth in the motion for summary judgment before determining that Defendants met their burden and summary judgment was appropriate, as the law requires. *See Reed*, 312 F.3d at 1194-95 ("If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.").

Having conducted its de novo review of the case, the Court finds no reason either in law or fact to depart from the Magistrate Judge's recommended disposition regarding the federal claims in Counts 2-9. Defendants raised the issue of qualified immunity on all Plaintiff's Section 1983 claims. As Judge Robbenhaar correctly explained, when a defendant raises a qualified

---

[2] Plaintiff asserts more than error – he claims that Judge Robbenhaar put forth the "known lie" and "fictional" contents, suggesting an ill motive on the part of Judge Robbenhaar. This assertion is clearly spurious and without basis in the record.

immunity defense, the burden shifts to plaintiff to show that the defendant violated a constitutional or statutory right and that the right was clearly established at the time of the alleged violation. *See Sanchez v. Guzman*, 105 F.4th 1285, 1292-94 (10th Cir. 2024). By failing to respond to the motion for summary judgment, Plaintiff failed to meet his qualified immunity burden. Plaintiff additionally failed in his objections to identify on-point authority from the Tenth Circuit or Supreme Court, or the clearly established weight of authority from other courts, that gave fair warning to Defendants that their alleged conduct was unconstitutional. After reviewing the legal arguments de novo and considering the relevant law, the Court concludes that Defendants are entitled to qualified immunity on all the federal claims, for the same reasons given in Judge Robbenhaar's thorough PFRD.

Moreover, with respect to Count 3-9, Plaintiff objected that the Counts were "well supported with facts." *See* Pl.'s Obj. 17, Dkt. No. 207. This Court addressed Plaintiff's objections regarding the facts *supra*. Plaintiff asserts one legal argument in his objections regarding Count 2 that the Court will more specifically address. Plaintiff argues that the "only difference between both situations is the immutable difference in sex between the father and the mother," so he met the similarly situated pleading standard. Pl.'s Obj. 17, Dkt. No. 207. Although Plaintiff asserts in Count 2 that the Defendants treated "father" differently on June 22, 2021, than Defendants treated the child's mother on March 5, 2021, he does not allege that he was treated unequally on the basis of sex. *See* Am. Compl. ¶¶ 11-22, Dkt. No. 42. The Court finds that Plaintiff did not sufficiently allege an equal protection claim based on the protected class of sex, and instead, alleged a class-of-one equal protection claim in Count 2. The Court agrees with Judge Robbenhaar that the undisputed facts do not establish that Plaintiff and J.R. were similarly situated or that Defendants

9

lacked a rational basis for the different treatment to prevail on a class-of-one equal protection claim. Accordingly, the Court overrules Plaintiff's objections to Judge Robbenhaar's legal rulings.

Nor did Plaintiff specifically object to Judge Robbenhaar's recommendation to dismiss Plaintiff's claims brought under Title VII and the RRPD Standards and Procedures Manual for failure to state a cognizable claim. *See* PFRD 27-28, Dkt. No. 206. But even if his objections could be construed to contain one, Judge Robbenhaar correctly concluded that those federal claims should be dismissed under Rule 12(b)(6).

For all the foregoing reasons, the Court will adopt the PFRD's findings and recommendations to dismiss Plaintiff's federal claims asserted under Section 1983, the "RRPD Standards and Procedures Manual," and Title VII.

### D. The Court adopts the PFRD's recommendation to dismiss the state claims without prejudice, but for alternative reasons.

As for the state claims asserted in Counts 2-9, Defendants did not move for summary judgment as to those claims. Nevertheless, the Magistrate Judge *sua sponte* considered their merits under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), which he has discretion to do. *See Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) (explaining that a court may dismiss a complaint *sua sponte* when it is patently obvious the plaintiff could not prevail on facts alleged and allowing amendment would be futile). The Magistrate Judge recommends that the Court dismiss without prejudice the state claims asserted by Plaintiff on various grounds. First, the PFRD recommends dismissal of Plaintiff's NMHRA claim because the allegations do not fall within the NMHRA's scope and Plaintiff failed to exhaust the required administrative remedies. *See* PFRD 28-29, Dkt. No. 206. Judge Robbenhaar recommends that dismissal be without prejudice because Plaintiff could, in theory, cure the failure to exhaust. *Id.* at 29. Next, the PFRD recommends that Plaintiff's claims for violation of Article II of the New Mexico Constitution, brought pursuant to

the New Mexico Civil Rights Act ("NMCRA"), be dismissed without prejudice under Rule 12(b)(1) for lack of jurisdiction because the NMCRA does not appear to waive sovereign immunity in federal court. *See* PFRD 30-31, Dkt. No. 206. Finally, the Magistrate Judge recommends that Plaintiff's claim for violation of Article III of the New Mexico Constitution fails to state a claim for relief. *See id.* at 32-33. However, the PFRD recommends that, because the other state claims should be dismissed without prejudice, the Court should decline to extend its supplemental jurisdiction and dismiss this claim too without prejudice. *See id.*

Given that the federal claims are all dismissed, the Court's preference is to decline supplemental jurisdiction as to all the state claims and not consider the merits of those claims, as the Magistrate Judge recommends regarding the Article III claim. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A district court, however, "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "When all federal claims have been dismissed, the court may, *and usually should*, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)) (emphasis added). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

The Court's jurisdiction over this case was based on its federal question jurisdiction. Having dismissed all of Plaintiff's federal claims, the Court, in its discretion, declines under 28

11

U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over Plaintiff's remaining state law claims in Counts 2-9. *Cf. United Mine Workers*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Board of County Comm'rs v. Geringer*, 297 F.3d 1108, 1115 n.6 (10th Cir. 2002) ("district courts should dismiss state claims without prejudice after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial").

**IT IS THEREFORE ORDERED** that

1. Plaintiff's objections (**Dkt. No. 207**) are **OVERRULED.**

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (**Dkt. No. 206**) is **ADOPTED in part and MODIFIED in part**, as explained herein. The Court **CONCURS** fully in the recommended dismissal with prejudice of Plaintiff's federal claims. The Court further **CONCURS** in the recommended dismissal without prejudice of Plaintiff's state claims, but for modified reasons.

3. Defendants' *Motion for Summary Judgment Dismissing Counts* 2-9 (**Dkt. No. 95**) is **GRANTED.** All Plaintiff's federal claims asserted in Counts 2-9 are **DISMISSED WITH PREJUDICE**.

4. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims asserted in Counts 2-9, which are **DISMISSED WITHOUT PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE